■ In the Matter of OLGA WHITTAKER, Formerly Known as OLGA FELDMAN, Respondent-Appellant, v JERRY FELDMAN, Appellant-Respondent.—In proceedings pursuant to Family Court Act, article 4 (1) the parties cross-appeal from an order of the Family Court, Nassau County (Cohen, J.), entered November 29, 1984, which, inter alia, granted the mother's application for an upward modification of an existing judgment and increased the father's child support for both his children, Mitchell and Erik from $55 per week to $105 per

week for each child, directed the father to pay one half of the college education expenses for both children, and directed that a deduction be made from the father's payroll for child support, and denied the mother's application for counsel fees, and (2) the father appeals from an order of the same court, also entered November 29, 1984, which directed the father's employer to deduct $210 per week from the payroll for the child support payments.

Order granting upward modification of child support modified, on the law and the facts, by reducing the child support for each child to $55 per week, the amount provided for in the original judgment, deleting the provision providing for a payroll deduction, and deleting the provision granting that branch of the mother's application which sought an order directing the father to pay for the college expenses of Mitchell, and substituting therefor a provision denying, without prejudice to renew, that branch of the application, and by reducing the college expenses that the father shall pay for Erik to one half the expenses, less grants or scholarships, for tuition, books and school supplies only. As so modified, order affirmed, without costs or disbursements.

Order directing the father's employer to deduct $210 from the payroll reversed, on the law, without costs or disbursements, and application for a payroll deduction order denied.

The parties were married on November 10, 1967, and have two sons, Mitchell, born October 26, 1972 and Erik, born July 5, 1965. On March 20, 1978, the parties entered into a stipulation of settlement resolving their divorce action. The stipulation was incorporated into the divorce judgment dated May 3, 1978, and provided, in pertinent part, that the father pay to the mother $55 per week per child until each reached majority. No provision was made for the father to pay for the expenses of the children's future college education.

In July 1983, the mother commenced two proceedings under Family Court Act, article 4, in the Family Court, Nassau County. One petition was for the enforcement of the $110 per week children's existing support order. The second petition was for an upward modification of the children's existing support order to increase the children's weekly support payments and to direct the father to contribute to the college education expenses for both children. At the time of the petition, the oldest son, Erik, was a matriculated student attending Pratt Institute in Brooklyn, New York. The younger son, Mitchell, was at that time only 10 years old.

By order dated February 29, 1984 (Cohen, J.), the matter was assigned to a hearing examiner. On April 3, 1984, the first day of the hearing, the enforcement petition was "settled on consent by establishing the arrears at $228 and the [father] paying the same to the [mother]". The father stated that the arrears were due to his mistaken belief that since his son Erik attained the age of 18 years, he could provide the $55 weekly support payment directly to him rather than to his mother. As to the child support for Mitchell, the father continued to make these weekly payments directly to the mother.

In his July 12, 1984 report, the hearing examiner found that the mother's "plea of poverty" was unfounded, and that "[a]ny upward modification of support would unduly and unfairly enrich the [mother] at the cost of the [father]". Despite this finding by the hearing examiner, the Family Court ordered the father to provide increased support for both children, upwardly modifying the existing judgment from $55 per week to $105 per week for each child. Significantly, it failed to make any new findings of fact to justify the increase in these payments. Upon review of the record, we agree with the hearing examiner's conclusion that an upward modification of the child support is neither necessary nor warranted.

With respect to the income deduction order under Personal Property Law § 49-b, we note that the petitioner never requested this remedy in the petition. Also, the Family Court made no findings of fact showing good cause for the income deduction order, and the record does not contain evidence sufficient to justify this action.

As to the children's college expenses, we agree with the Family Court that the father should share this burden, but only with respect to the eldest son, Erik, and limited to one half the actual costs (less any grants or scholarships) of his tuition, books and school supplies.

We note that the family residence is in Plainview, Long Island, and within commuting distance from Pratt. Accordingly, there is no necessity for unduly burdening the father to pay any expenses for Erik's board at college in Brooklyn. Also, while the mother claimed that the 1983 to 1984 school year college costs were approximately $14,500, she admitted that Erik had received certain grants in an unspecified amount.

For the younger son, Mitchell, college is several years away, and no evidence was presented as to his academic interest, ability, possible choice of college, or what his expenses might be. Accordingly, the provision of the order directing the father

to pay for one half of these future expenses is premature, and not supported by the evidence.

As to the mother's application for attorney's fees, we agree with the Family Court that the record indicates that both parties have sufficient assets and means to pay their respective expenses. Moreover, no evidence was presented by the mother at the hearing concerning the services rendered by her attorney. Accordingly, her application was properly denied (see, Weinberg v Weinberg, 95 AD2d 828). Mollen, P. J., Mangano, O'Connor and Weinstein, JJ., concur.