■ CRAIG GILKES, Respondent, v LAURIE GILKES, Appellant.— Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered June 6, 1988, which, *inter alia,* granted

plaintiff husband a divorce, distributed marital assets, and, awarded defendant wife maintenance and support, is unanimously modified, on the law and on the facts, to the extent of deleting the twelfth decretal paragraph of said judgment, which deals with parties' obligation to contribute to the future college expenses of their daughter, and awarding defendant a 25% interest in the parties' vacation home, and, except as thus modified, otherwise affirmed, without costs.

In June 1985, after approximately 17½ years of marriage, Mr. and Mrs. Craig Gilkes separated. Subsequently, in 1986, Mr. Gilkes (plaintiff) commenced an action for divorce against Mrs. Laurie Gilkes (defendant).

Following the joinder of issue in 1987, a bench trial was held. Thereafter, a judgment was entered which, *inter alia*, granted plaintiff a divorce, awarded custody of the parties' then 11-year-old daughter to the defendant, with the right of visitation to the plaintiff, awarded defendant support and maintenance, and distributed the marital assets.

The defendant contends the twelfth decretal paragraph of that judgment, which deals with the apportionment of the parties' obligation to contribute to the future college expenses of their daughter, should be deleted, since it was premature to determine that issue. In response, the plaintiff, in his memorandum before us, states that he does not object to such deletion. Based upon our review of the record, we find no justification for that decretal paragraph, in view of the fact, "college is several years away, and no evidence was presented as to [the daughter's] academic interest, ability, possible choice of college, or what [her] expenses might be" *(Matter of Whittaker v Feldman,* 113 AD2d 809, 811 [1985]). Therefore, we delete it.

Our examination of the trial transcript indicates in 1974, following seven years of marriage, the parties purchased a vacation home, located in Ridgefield, Connecticut, for $36,400, and this purchase was financed by a $25,000 mortgage, which was jointly executed by the plaintiff and defendant and by a payment of $11,300 from the defendant, who had received that sum as a gift from her mother. Upon the basis of the appraisal evidence adduced before it, the trial court found the current value of the subject property to be $219,000. Since the parties continued to live together for more than a decade following acquisition of the property and, based upon the substantial financial contribution, mentioned *supra,* of the defendant to its purchase, we find that defendant is entitled to a 25% interest in that property.

Accordingly, we modify the judgment only to the extent of deleting the twelfth decretal paragraph and awarding defendant a 25% interest in the vacation home, and otherwise affirm.

We have examined the other points raised by defendant, and find them to be without merit. Concur—Murphy, P. J., Ross, Carro, Asch and Kassal, JJ.