■ MICHAEL R. HORSBURGH, Respondent, v JENNIFER R. HORSBURGH, Appellant.—Amended judgment of divorce, Supreme Court, New York County (Walter M. Schackman, J.), entered November 26, 1990, which, *inter alia,* directed plaintiff to pay defendant child support of $769.23 every two weeks for each of the parties' two children and maintenance of $4,166.67 a month for seven years commencing November 1, 1989, awarded plaintiff a credit of $73,481.70 pursuant to the parties' stipulation of August 7, 1989, and denied defendant's request for attorneys' and accountants' fees, unanimously modified, on the law and the facts, to delete the date November 1, 1989 for the commencement of maintenance and substitute therefor the date November 1, 1990, and otherwise affirmed, without costs.

In determining child support, the IAS court properly looked at the statutory factors under Domestic Relations Law § 240 (1-b) (f) rather than blindly applying the statutory formula to the parents' income over $80,000 *(see, Harmon v Harmon,* 173 AD2d 98, 111). The award of maintenance was also based on a careful analysis of statutory factors in Domestic Relations Law § 236 (B) (6), correctly calculated, and appropriately limited to seven years on account of defendant's age, good

health, and ability to become self-supporting, and her failure to show that she subordinated a career to act as homemaker, companion or parent *(cf., Zelnik v Zelnik,* 169 AD2d 317, 333-334; *Lolli-Ghetti v Lolli-Ghetti,* 165 AD2d 426, *lv denied* 78 NY2d 864). However, since the date set forth in the judgment for the commencement of maintenance payments differs from that set forth in the decision, the judgment should be corrected (CPLR 5019 [a]). Defendant cannot now modify the stipulation that she and her counsel subscribed to at trial based on an alleged miscalculation as to the credit extended to plaintiff *(Blaustein v Blaustein,* 145 AD2d 591). Finally, in view of the financial circumstances of the parties, it was not an abuse of discretion for the court to refuse defendant's request for attorneys' and accountants' fees *(DeCabrera v Cabrera-Rosete,* 70 NY2d 879). Concur—Milonas, J. P., Kupferman, Ross, Asch and Rubin, JJ.