■ BARRY L. FRIEDMAN, Appellant, v MARGERY FRIEDMAN, Respondent. [629 NYS2d 221] —Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), entered March 2, 1994, which, after a non-jury trial, *inter alia*, awarded defendant wife maintenance and child support and which imposed upon the plaintiff the sole responsibility for the tuition for private religious education of both children through high school, as well as all tuition and costs for four-year programs at a college or university for each child, and which further directed that plaintiff maintain a policy of life insurance irrevocably designating defendant as beneficiary in a declining face amount, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of deleting the provision imposing on the plaintiff sole responsibility for all tuition and costs for a four-year program at a college or university for each child, with leave to renew, and otherwise affirmed, without costs. Order, same court and Justice, entered April 8, 1994, which amended the judgment on appeal to specify that the plaintiff's maintenance obligations commence on the first

day of January 1994, and order, same court and Justice, entered May 9, 1994, which amended the judgment on appeal to specify that the plaintiff's child support obligations commence on the first day of January 1994, unanimously affirmed, without costs.

There was no evidence as to the academic abilities of the parties' 13- and 11-year-old daughters, their interests, their likely choices and preferences as to a college education, the likely cost of a college education for them, and the like. Without such evidence, a directive that plaintiff pay for college is premature (*Gilkes v Gilkes*, 150 AD2d 200, 201; *Matter of Whittaker v Feldman*, 113 AD2d 809, 811-812). As in *Whittaker*, defendant should have the opportunity to seek payments for college on a later motion for upward modification when the details identified in *Gilkes* and *Whittaker*, are available.

Otherwise, the trial court properly considered all pertinent factors, and made appropriate provisions for maintenance appropriately limited to the date on which the younger child reaches 21 (*see, Sementilli v Sementilli*, 102 AD2d 78, 91), for private religious grade school and high school, since religion has been an integral part of the family lifestyle (*see, Keehn v Keehn*, 137 AD2d 493, 497-498), and for life insurance serving as "discretionary security-type financial protection" (*Hartog v Hartog*, 85 NY2d 36, 50). Plaintiff's own self-serving view of the evidence gives this Court no reason to disturb the IAS Court's exercise of discretion (*see, Kamen v Kamen*, 163 AD2d 58), or its fact determinations (*see, Pologe v Goler*, 194 AD2d 445, 446).

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Kupferman and Ross, JJ.