■ JANETTE STRAKER, Appellant, v DARWIN STRAKER, Respondent. [631 NYS2d 767] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Nassau County (Murphy, J.), dated April 22, 1994, which, *inter alia,* ordered the defendant husband to pay $900 per month in child support and denied her application to direct the defendant husband to pay half of the college expenses of the older son and half of the summer camp expenses of the daughter and younger son.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its discretion in not applying the Child Support Standards Act statutory formula to the parental income over $80,000 (see, Domestic Relations Law § 240 [1-b] [c] [3]; *Horsburgh v Horsburgh,* 183 AD2d 412). The court properly considered the factors under Domestic Relations Law § 240 (1-b) (f) and determined that the defendant could not afford to pay more than $900 per month (see, *Matter of Cassano v Cassano,* 85 NY2d 649; *Reiss v Reiss,* 170 AD2d 589, 590-591).

In addition, the Supreme Court properly exercised its discretion in denying the plaintiff's application to direct the defendant to pay half of the college expenses of the parties' older son. In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice (see, Domestic Relations Law § 240 [1-b] [c] [7]; *Matter of McLoughlin v McLough-*

*lin,* 213 AD2d 650; *Manno v Manno,* 196 AD2d 488, 491). The record established that the older son did not have any definite plans with regard to college. Thus, the court properly held that the application was premature.

Moreover, the Supreme Court properly denied the plaintiff's application to direct the defendant to pay half of the summer camp expenses for their daughter and younger son. However, the court should have denied the application on the ground that the parties had entered into a stipulation in open court which provided under what circumstances the defendant was required to pay part of the costs for summer camp. The stipulation, which was incorporated in, but did not merge with, the judgment is binding and strictly enforceable *(see, Manno v Manno, supra,* at 489). The stipulation provides that if the defendant had informed the plaintiff that he would be exercising his summer visitation rights, but then did not exercise these rights, the defendant would pay for 4 weeks of summer camp. The plaintiff failed to establish that this situation occurred. Therefore, the defendant was not responsible for any of the costs of summer camp. Mangano, P. J., Joy, Krausman and Florio, JJ., concur.