■ ELLEN LaBOMBARDI, Respondent, v VINCENT LaBOMBARDI, Appellant. [632 NYS2d 829] —In an action for a divorce and ancillary relief, the defendant husband appeals, (1) as limited by his brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Suffolk County (Mellan, J.H.O.), entered July 13, 1994, which (a) ordered him to pay weekly child support in the sum of $222.85, (b) ordered him to pay

lifetime maintenance to the plaintiff in the sum of $250 per week, (c) provided him with certain visitation rights, (d) ordered him to pay all unreimbursed and uncovered medical expenses for the plaintiff and the parties' child, (e) ordered him to pay all college education expenses for the child, and (f) failed to credit him with certain payments made on behalf of the plaintiff during the pendency of this action, and (2) from an order of the Supreme Court, Suffolk County (Kitson, J.), dated September 20, 1994, which, *inter alia,* fixed the amount of support and maintenance arrears in the sum of $41,659.95.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, by (1) deleting the tenth and eleventh decretal paragraphs thereof, (2) deleting from the twelfth decretal paragraph the words, "the Defendant shall pay for all other medical expenses incurred which are not covered by insurance for the Plaintiff and minor child as and for additional child support and maintenance obligations", and substituting therefor the following: "the Defendant shall pay his pro-rata share of unreimbursed medical expenses for the minor child as and for additional child support obligations", (3) deleting from the fourteenth decretal paragraph the words, "including college tuition and college expense, if and when the child actually attends college", and (4) deleting from the ninth decretal paragraph the word, "lifetime", and adding thereto after the word "remarriage" the following: "or when she reaches the age of 62"; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a recalculation of child support and a determination as to extended visitation; and it is further,

Ordered that the order dated September 20, 1994, is affirmed, without costs or disbursements; and it is further,

Ordered that the defendant shall continue to pay temporary weekly child support in the sum of $222.85 pending a new determination of child support by the Supreme Court, Suffolk County.

As the plaintiff has conceded on appeal, the court failed to deduct New York City taxes paid by the defendant in computing child support *(see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [G]). Further, the court erred in imputing $1,200 for consulting fees and $1,000 of "other income" to the defendant's annual income, as such sums were unsupported by the record and speculative *(see, Bohnsack v Bohnsack,* 185 AD2d 533). We therefore remit this matter for a recalculation of the parties' child support obligations.

Upon remittal, the court may also consider whether, in accordance with Domestic Relations Law § 240 (1-b) (e), any portion of a $10,000 annuity payment which the plaintiff will receive in 1996 should be allocated to child support. Consideration of another annuity payment due in 2001, however, would be premature. To the extent that the combined parental income may exceed $80,000 in 1996, the court should be guided by *Matter of Cassano v Cassano* (85 NY2d 649).

The provision of the judgment directing the defendant to pay all unreimbursed medical expenses for the parties' child was contrary to Domestic Relations Law § 240 (1-b) (c) (5) which provides for a pro-rata sharing of such expenses. We further find that the court improvidently exercised its discretion in requiring the defendant to pay for the plaintiff's unreimbursed medical expenses.

The court is authorized to direct a parent to contribute to a child's college education *(see,* Domestic Relations Law § 240 [1-b] [c] [7]). In this case, however, where the parties' daughter was only 10 years old, the provision of the judgment directing the defendant to pay the child's college tuition and expenses was premature *(see, Gilkes v Gilkes,* 150 AD2d 200; *Matter of Whittaker v Feldman,* 113 AD2d 809).

The court erred in admitting a second medical report of the court-appointed physician which was prepared at the sole request of the plaintiff and which was not disclosed to the defendant until the doctor testified. However, the information contained therein was cumulative and the error was harmless *(see, Pallotta v West Bend Co.,* 166 AD2d 637).

The court did not err in awarding the plaintiff maintenance in light of her health problems which prevent her from working full time. However, the court improvidently exercised its discretion in awarding her lifetime maintenance. The request in her complaint for lifetime maintenance was not supported by her trial testimony wherein she requested maintenance only until age 62.

The defendant sought one week of continuous visitation during the daughter's Christmas holiday, spring break, or Easter break, and a four week continuous visitation during her summer vacation. The court essentially denied the request, suggesting that the parties reach an agreement between themselves as to visitation during these periods. The parties have been unable to do so. Accordingly, the court is instructed to review the visitation issue with respect to these periods only, to appoint a law guardian, and to make a determination of visitation which is in the best interests of the child *(see, Daghir*

*v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938; *Venzer v Venzer,* 144 AD2d 552).

We have considered the defendant's remaining contention and find it to be without merit. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.