■ In the Matter of DONNA WALLS, Appellant, v DOUGLAS WALLS, Respondent. [633 NYS2d 905] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Family Court's award of maintenance was an abuse of discretion. The parties had been married for approximately 25 years when they separated. Respondent has been employed by Niagara Mohawk for 25 years and enjoys good prospects for continued employment. Respondent earned approximately $70,000 with overtime in 1992 and approximately $50,000 without overtime in 1993. Petitioner, on the other hand, has a relatively short employment record, working primarily as a part-time teacher in the Liverpool School District and earning less than half of respondent's 1993 salary. She had to complete her master's degree by September 1994 to obtain permanent certification as a teacher and retain her employment eligibility. Under the circumstances, we conclude that an award of maintenance of $50 per week for the period from August 26, 1992 to September 30, 1994 is equitable and we modify the order accordingly *(see, Godfryd v Godfryd,* 201 AD2d 927, 929).

Although the court's allocation of 50% responsibility to each party for the cost of repairs to the marital residence is appropriate, we delete the court's designation of respondent's obligation to contribute to the cost of repairs as maintenance.

Upon our review of the record, we also conclude that the court did not err in deviating from the Child Support Standards Act (see, Family Ct Act § 413 [1] [f]). Respondent is obligated to pay 75% of the parties' older son's educational expenses, which include room and board. The order of child support, although $41 per week less than the amount yielded by application of the formula, is supported by the record, and we conclude that it is warranted.

Finally, there is no merit to petitioner's argument that the court should have apportioned respondent's obligation to contribute to the college expenses of the parties' younger son. Such an order would have been premature in light of the fact that the youngest son had not yet decided upon a college, and no evidence was presented concerning his academic interest, ability or his future expenses (see, Gilkes v Gilkes, 150 AD2d 200, 201, quoting Matter of Whittaker v Feldman, 113 AD2d 809, 811). (Appeal from Order of Onondaga County Family Court, Buck, J.—Child Support.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.