■ CONSTANCE CHITAYAT, Appellant, v ANWAR CHITAYAT, Respondent. [669 NYS2d 223] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered September 3, 1996, which, after a nonjury trial, *inter alia,* distributed the parties' marital property, awarded the wife maintenance in the amount of $500 per week for a period of five years, and directed the husband to pay child support.

Ordered that the judgment is modified, on the facts, by deleting from the 20th decretal paragraph the maintenance award of $500 per week and substituting therefor a maintenance award of $800 per week; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court did not improvidently exercise its discretion in awarding the wife one-third of the appreciation of the value during the marriage of the husband's closely-held corporation, Anorad, which was his separate property. The court properly considered, among other factors, the wife's direct and indirect contributions to the value of that property *(see, Price v Price,* 69 NY2d 8; *O'Brien v O'Brien,* 66 NY2d 576). In addition, the court did not err in fixing the appreciated value of the corporation *(see, Amodio v Amodio,* 70 NY2d 5).

Further, in light of, *inter alia,* the wife's educational and employment background, and her age and good health, the court did not improvidently exercise its discretion in determining the duration of her maintenance award *(see, Kret v Kret,* 222 AD2d 412; *Wilson v Wilson,* 203 AD2d 558). However, the amount of the award was inadequate to the extent indicated herein. The court did not improvidently exercise its discretion

or fail to apply the relevant statutory factors in setting the amount of child support (*see, Matter of Cassano v Cassano,* 85 NY2d 649; *Straker v Straker,* 219 AD2d 707). Contrary to the wife's contention, the court did not err in determining that it would be premature to direct the husband to pay the college expenses of the parties' children, the eldest of which was 11 years old at the time of the trial (*see, LaBombardi v LaBombardi,* 220 AD2d 642; *Friedman v Friedman,* 216 AD2d 204).

The wife's remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.