■ ALICE MCNALLY, Appellant-Respondent, v RICHARD MC-NALLY, Respondent-Appellant. [673 NYS2d 727] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated October 27, 1997, which, after a nonjury trial, *inter alia,* (1) awarded the defendant husband visitation with the parties' two oldest children, (2) awarded the defendant husband the sum of $16,500 representing 50% of her enhanced earning capacity resulting from her receipt of a masters degree, (3) failed to award her maintenance, (4) failed to equitably distribute the funds in certain bank accounts, (5) awarded her child support of only $392.50 per week and failed to make the award retroactive, (6) failed to award her title to the parties' Jeep vehicle, (7) failed to direct the defendant husband to maintain health and life insurance for the parties' children and to pay the unreimbursed portion of the children's medical and dental expenses, and (8) failed to award her attorneys' fees. The defendant husband cross-appeals, as limited by his brief, from stated portions of the same order and judgment which (1) failed to award him expanded visitation with the parties' youngest child, (2) distributed the value of the marital residence equally between the parties, (3) ordered him to pay child support of $392.50 per week, and (4) failed to award him attorneys' fees.

Ordered that the order and judgment is modified by (1) deleting the fourth decretal paragraph thereof, (2) deleting from the seventh decretal paragraph thereof the sum of $55,996.08 and substituting therefor the sum of $63,014.58, (3) adding thereto a decretal paragraph awarding the wife title to the parties' Jeep vehicle, and (4) adding thereto a decretal paragraph ordering the husband to maintain health insurance for the children and to pay his pro rata share of the children's unreimbursed medical and dental care expenses; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, to determine whether the husband should be required to maintain life insurance to secure his child support obligation and contribute his pro rata share of the child care expenses, and to make new determinations as to the wife's application for maintenance and the husband's child support obligation and in connection therewith to determine the husband's pro rata share of the children's unreimbursed medical and dental expenses. Any award of maintenance and any change in the husband's child support obligation should be retroactive to the date of the wife's pendente lite application for that relief; and it is further,

Ordered that, pending the Supreme Court's determination, the husband shall continue to pay $392.50 per week to the wife for child support.

There is a sound and substantial basis in the record to support the Supreme Court's determination granting the husband visitation with the parties' two oldest children. Moreover, the Supreme Court did not improvidently exercise its discretion in denying the husband's application for expanded visitation with the parties' youngest child.

The Supreme Court properly accepted the testimony of the husband's expert concerning the valuation of the wife's enhanced earning capacity (*cf., L'Esperance v L'Esperance,* 243 AD2d 446), and we decline to disturb the distributive award granting fifty percent of such enhanced earning capacity to the husband (*see, McSparron v McSparron,* 87 NY2d 275; *O'Brien v O'Brien,* 66 NY2d 576; *McGowan v McGowan,* 142 AD2d 355).

However, based upon the testimony and documentary evidence, the court should have awarded each party one half of Astoria Federal account No. 27-406685 without a credit of $14,000 to the husband for payment of carrying charges on the marital residence, as such payments were unproven. With regard to Citibank account No. 80674755, the court based its distributive award on an account balance of $1,958.92. The parties, however, concede that the balance of this account, as of the date of commencement of the action, was $3,069. Accordingly, we have recomputed the credits due to the husband and have modified the seventh decretal paragraph of the order and judgment to provide that he pay the wife $63,014.58 in order to purchase her share of the marital residence.

Additionally, based on the record, the court should have awarded the wife title to the parties' Jeep vehicle. The court should also have ordered the husband to maintain health insurance for the children, and to pay his pro rata share of the children's unreimbursed medical and dental expenses (*see,* Domestic Relations Law § 240 [1-b] [c] [5]; *Junkins v Junkins,* 238 AD2d 480).

We remit the case to the Supreme Court to make new determinations as to child support and the wife's request for maintenance. As to child support, the court improperly calculated the husband's obligation based solely upon his salary. On remittal the court shall consider the husband's gross income as reported on his most recent Federal income tax return (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [i]), and determine whether the husband should be obligated to pay his pro rata share of child care expenses and to maintain a life in-

surance policy to secure his child support obligation (*see,* Domestic Relations Law § 240 [1-b] [c] [4]; § 236 [B] [8] [a]). Furthermore, the court should have ordered the husband to pay child support arrears retroactive to the date of the wife's pendente lite application for such relief (*see,* Domestic Relations Law § 236 [B] [7] [a]). The issue of the wife's request for maintenance must also be determined since the court failed to articulate the factors it considered in denying that request (*see,* Domestic Relations Law § 236 [B] [6] [b]; *McCallum v McCallum,* 237 AD2d 891). Upon remittal, the court is directed to consider, on the issue of maintenance, the award to the husband of a distributive share of the wife's enhanced earning capacity (*see,* Domestic Relations Law § 236 [B] [6] [a] [1]).

We agree with the husband that it would be premature to modify the order and judgment to require him to contribute toward the children's college expenses (*see, Matter of Walls v Walls,* 221 AD2d 925, 926; *LaBombardi v LaBombardi,* 220 AD2d 642, 644). Finally, we find that the Supreme Court did not improvidently exercise its discretion in declining to award attorneys' fees to either party (*see,* Domestic Relations Law § 237).

The parties' remaining contentions are without merit. Rosenblatt, J. P., Copertino, Santucci and Goldstein, JJ., concur.