■ Edward Levy, Respondent, v April Levy, Appellant. [835 NYS2d 228]—

In an action for a divorce and ancillary relief, the wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered June 15, 2005, which, inter alia, directed the plaintiff to pay to the defendant the sum of only $1,933 per month in child support and determined the value of the enhanced earnings attributable to the husband's masters degree to be only $48,000.

Ordered that the judgment is modified, on the law, on the facts, and as an exercise of discretion, by deleting the fourth decretal paragraph thereof directing the plaintiff to pay to the defendant the sum of $1,933 per month in child support, and substituting therefor a provision directing the plaintiff to pay to the defendant the sum of $2,368 per month in child support, subject to reduction to the sum of $2,042 per month when the parties' oldest child reaches the age of 21 or is otherwise emancipated and to the sum of $1,388 per month when the parties' second child reaches the age of 21 or is otherwise emancipated; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

In the circumstances presented here, the Supreme Court

improvidently exercised its discretion in awarding child support solely on the basis of the first $80,000 of the combined parental income. In order to calculate the father's child support obligation, the Supreme Court should have applied the statutory percentage to the combined parental income up to $80,000 and then, with respect to the balance of the combined parental income, "the Court should have (1) applied the factors set forth in Domestic Relations Law § 240 (1-b) (f) (1) through (10), or (2) applied the standard 'child support percentages' specified in Domestic Relations Law § 240 (1-b) (b) (3), or (3) applied some combination of both the two approaches stated above" (*Lee v Lee,* 18 AD3d 508, 510 [2005]). Contrary to the conclusion reached by the Supreme Court, this is not a "high income" case in which it is appropriate to disregard the parental income because support in excess of the children's documented needs is in issue (*cf. Matter of Brim v Combs,* 25 AD3d 691, 692 [2006]).

Rather than remit the matter for recalculation, however, we conclude, in light of the factors set forth in Domestic Relations Law § 240 (1-b) (f) (1) through (10), and particularly "[t]he standard of living the child[ren] would have enjoyed had the marriage or household not been dissolved" (Domestic Relations Law § 240 [1-b] [f] [3]), that it is appropriate to apply the statutory percentage of 29 percent for the three minor children to the first $140,000 of combined parental income. Calculated on that basis, the father's child support obligation is $2,368 per month, subject to reduction as each child reaches the age of 21 or is otherwise emancipated by applying the diminishing statutory percentages pertaining to the number of children that the husband is obligated to support, i.e., 25% and 17% (*see Lee v Lee, supra*).

The defendant's contentions with respect to the valuation of the enhanced earning capacity attributable to the plaintiff's master's degree in public administration are without merit. The Supreme Court reasonably adopted the methodology for computing the value of the plaintiff's enhanced earning capacity offered by the plaintiff's expert and appropriately determined that the asset should be valued as of the date of commencement of the action (*see Lipsky v Lipsky,* 276 AD2d 753 [2000]).

The defendant's remaining contentions are without merit. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.