■ CHARLES BOGANNAM, Appellant, v MARIANNE BOGANNAM, Respondent. [877 NYS2d 336]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Pines, J.), entered July 28, 2006, as, upon a decision of the same court dated March 3, 2006, made after a nonjury trial, awarded the defendant durational maintenance in the sum of $3,000 per month for 10 years, directed him to pay the college expenses of the parties' younger child, directed him to pay child support, specified the terms by which child support would be reduced upon emancipa-

tion of each child, awarded the defendant an attorney's fee in the sum of $40,000, and directed the parties to share equally the payment of the remaining expert fees.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the plaintiff to pay the college expenses of the parties' younger child; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

Contrary to the plaintiff's contentions, the Supreme Court providently exercised its discretion in imputing income to him in the sum of $200,000 per year for the purpose of calculating his child support and maintenance obligations (*see* Domestic Relations Law § 240 [1-b] [b] [5] [iv]; *Curran v Curran,* 2 AD3d 391 [2003]; *Ivani v Ivani,* 303 AD2d 639 [2003]; *Rocanello v Rocanello,* 254 AD2d 269 [1998]).

The Supreme Court also providently exercised its discretion in awarding the defendant durational maintenance in the sum of $3,000 per month for 10 years (*see* Domestic Relations Law § 236 [B] [6] [a]; *Mazzone v Mazzone,* 290 AD2d 495 [2002]). This award allows her an opportunity to become self-supporting, after almost 20 years of marriage in which she was the stay-at-home parent (*see* *O'Brien v O'Brien,* 66 NY2d 576, 585 [1985]; *Sperling v Sperling,* 165 AD2d 338 [1991]).

The plaintiff correctly contends that the Supreme Court erred in directing him to pay college expenses for the parties' younger child, who was only seven years old at the time of the entry of judgment. The court may direct a parent to contribute to a child's college education pursuant to Domestic Relations Law § 240 (1-b) (c) (7). However, when college is several years away, and no evidence is presented as to the child's academic interests, ability, possible choice of college, or what his or her expenses might be, a directive compelling the plaintiff to pay for those expenses is premature and not supported by the evidence (*see* *LaBombardi v LaBombardi,* 220 AD2d 642 [1995]; *Matter of Whittaker v Feldman,* 113 AD2d 809 [1985]).

The Supreme Court properly provided for a method of reducing the plaintiff's child support obligation, in accordance with the required statutory percentages, upon the older child attaining 21 years of age or emancipation, whichever is earlier, since more than one child is the subject of the order (*see* Domestic Relations Law § 240 [1-b] [c]; *Levy v Levy,* 39 AD3d 487 [2007]; *Lee v Lee,* 18 AD3d 508 [2005]; *Matter of Alice C. v Bernard G.C.,* 193 AD2d 97, 105 [1993]).

Considering the parties' relative financial positions, the Supreme Court providently exercised its discretion in awarding

the defendant an attorney's fee in the sum of $40,000, and directing the parties to share equally the payment of the remaining expert fees (*see* Domestic Relations Law § 237 [a]; *O'Brien v O'Brien,* 66 NY2d at 590; *Griggs v Griggs,* 44 AD3d 710 [2007]; *Tayar v Tayar,* 250 AD2d 757 [1998]). Furthermore, the plaintiff waived his right to a hearing to determine the amount of the attorney's fee, since he never requested a hearing, the parties' finances were explored at trial, and they agreed that the issue would be determined upon the submission of papers (*see Schwartz v Schwartz,* 54 AD3d 400 [2008]; *Messinger v Messinger,* 24 AD3d 631 [2005]; *Mancuso v Mancuso,* 178 AD2d 584 [1991]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Dillon, Dickerson and Leventhal, JJ., concur.

Motion by the respondent on an appeal from a judgment of the Supreme Court, Suffolk County, entered July 28, 2006, to strike portions of the appellant's replacement appendix and brief on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated December 26, 2007, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the submission of the appeal, it is

Ordered that the motion is granted to the extent that references in the appellant's replacement brief to purported events occurring and circumstances arising subsequent to the date of the judgment appealed from are stricken and have not been considered in the determination of this appeal; and it is further,

Ordered that the motion is otherwise denied. Mastro, J.P., Dillon, Dickerson and Leventhal, JJ., concur.