■ In the Matter of KEVIN J. TALTY, Appellant, v ETHEL A. TALTY, Respondent. [906 NYS2d 295]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (Marks, J.), dated October 23, 2009, as denied his objections to an order of the same court (Watson, S.M.), dated April 15, 2009, which, after a hearing, granted the mother's petition to modify the child support and maintenance provisions of the parties' judgment of divorce dated September 19, 1996, and directed him to pay the mother child support in the sum of $709.72 per week and nondurational maintenance in the sum of $325.28 per week, and denied his objection to an order of the same court dated June 12, 2009, which granted the mother's motion for an award of an attorney's fee in the sum of $46,490.20.

Ordered that the order dated October 23, 2009, is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying the father's objection to so much of the order dated April 15, 2009, as directed him to pay child support in the sum of $709.72 per week, and substituting therefor provisions (a) granting that objection, (b) vacating

the provision of the order dated April 15, 2009, directing the father to pay the mother child support in the sum of $709.72 per week, and (c) directing the father to pay the mother child support in the sum of $659.76 per week, and (2) by deleting the provision thereof denying the father's objection to so much of the order dated April 15, 2009, as directed him to pay the mother nondurational maintenance in the sum of $325.28 per week, and substituting therefor provisions (a) granting that objection, (b) vacating the provision of the order dated April 15, 2009, directing the father to pay the mother nondurational maintenance in the sum of $325.28 per week, and (c) directing the father to pay the mother maintenance in the sum of $325.28 per week until she attains the age of 62; as so modified, the order dated October 23, 2009, is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly granted that branch of the mother's petition which was to modify the parties' judgment of divorce so as to award her maintenance. The hearing record supports the Family Court's determination that the mother is disabled and has no present or future earning capacity and is, thus, incapable of being self-supporting (*see* Domestic Relations Law § 236 [B] [9] [b]; *Wheeler v Wheeler*, 12 AD3d 982, 984 [2004]; *Shai v Shai*, 301 AD2d 461, 462 [2003]; *Mazzone v Mazzone*, 290 AD2d 495, 496 [2002]; *Sass v Sass*, 276 AD2d 42, 45 [2000]; *Dunnan v Dunnan*, 261 AD2d 195, 196 [1999]; *Klotz v Klotz*, 150 AD2d 308, 309 [1989]). However, under the circumstances of this case, the Family Court should have awarded the mother maintenance only until she attains the age of 62, and can supplement her Social Security disability benefits and the payments she is receiving under a long-term disability insurance policy with partial Social Security retirement benefits (*see Penna v Penna*, 29 AD3d 970, 972 [2006]).

The Family Court also properly applied the statutory percentage of 17% to determine the father's child support obligation for the parties' remaining unemancipated child (*see* Domestic Relations Law § 240 [1-b] [b] [3] [i]; *Bogannam v Bogannam*, 60 AD3d 985, 986 [2009]; *Levy v Levy*, 39 AD3d 487, 488 [2007]; *Lee v Lee*, 18 AD3d 508, 511 [2005]). However, the Family Court erred in failing to deduct the annual sum it required the father to pay in maintenance in calculating his child support obligation (*see Lee v Lee*, 18 AD3d at 510; *see also McLoughlin v McLoughlin*, 63 AD3d 1017, 1019 [2009]; *Wallach v Wallach*, 37 AD3d 707, 708 [2007]; *Navin v Navin*, 22 AD3d 474, 475 [2005]). With the appropriate deduction, the father is obligated to pay the mother child support in the sum of $659.76 per week.

Considering all of the facts and circumstances of this case, including the mother's inability to work, the Family Court providently exercised its discretion in granting the mother's motion for an award of an attorney's fee in the sum of $46,490.20 (*see Matter of Abidi v Antohi*, 64 AD3d 772, 774 [2009]; *Levy v Levy*, 4 AD3d 398 [2004]). The fact that the mother has some assets does not disqualify her from an award of counsel fees (*see Bogannam v Bogannam*, 60 AD3d at 986-987; *Grassi v Grassi*, 35 AD3d 357, 358 [2006]; *Gallousis v Gallousis*, 303 AD2d 363, 364 [2003]).

The father's remaining contentions are without merit. Skelos, J.P., Eng, Hall and Lott, JJ., concur.