■ ROBERTA DOCHTER, Respondent-Appellant, v ERIC DOCHTER, Appellant-Respondent. [986 NYS2d 357]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (O'Connell, J.H.O.), entered June 18, 2012, as, upon a decision dated December 19, 2011, made after a nonjury trial, (a) awarded the plaintiff durational maintenance in the sum of $5,000 per month until the sale of the marital residence upon the high school graduation of the parties' younger son in June 2014, and $6,500 per month thereafter, for a total period of 83½ months, (b) directed him to pay the sum of $22,100 per year in child support, (c) failed to allocate between the parties the future college expenses of the parties' younger son, and (d) awarded the plaintiff counsel fees in the sum of $26,500, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as (a) awarded her maintenance for a total period of only 83½ months, (b) awarded her the sum of only $26,500 in counsel fees, and (c) awarded her only 25% of a certain capital account.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in imputing income to the defendant for the purpose of calculating his child support and maintenance obligations (see Domestic Relations Law § 240 [1-b] [b] [5] [iv]; Bogannam v Bogannam, 60 AD3d 985, 986 [2009]; Ivani v Ivani, 303 AD2d 639 [2003]; Rocanello v Rocanello, 254 AD2d 269 [1998]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in awarding the plaintiff durational maintenance in the sum of $5,000 per month until the parties' younger son graduates from high school in June 2014 and the marital residence is to be sold, and $6,500 thereafter, for a total period of 83½ months, or approximately seven years (see Bogannam v Bogannam, 60 AD3d at 986). This award affords the plaintiff an opportunity to become self-supporting, after having been the stay-at-home parent for approximately 15 years of the marriage (see Schmitt v Schmitt, 107 AD3d 1529, 1529 [2013]; Bogannam v Bogannam, 60 AD3d at 986). Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in awarding maintenance for a period of 83½ months.

Contrary to the defendant's contention, under the circumstances of this case, the Supreme Court did not err in declining to award him a credit against the maintenance and child support awards for his payment of the carrying costs on the marital residence until the parties' younger son graduates from high school (*see Gahagan v Gahagan*, 76 AD3d 538, 540 [2010]; *Mollon v Mollon*, 282 AD2d 659, 660 [2001]). Moreover, the court did not err in failing to deduct maintenance payments from his income for the purpose of calculating his child support obligation (*see Schmitt v Schmitt*, 107 AD3d at 1530). Further, although the Supreme Court failed to make the appropriate FICA and Medicare deductions, as required by Domestic Relations Law § 240 (1-b) (b) (5) (vii) (H), modification of the child support award is not warranted in view of the court's calculation of the defendant's child support obligation based entirely on the "statutory cap" of $130,000 (*see* Domestic Relations Law § 240 [1-b]), and not on his total gross income as imputed by the court.

Contrary to the defendant's contention, the Supreme Court properly denied, as premature, his request that the court allocate between the parties responsibility for the future college expenses of the parties' younger son (*see Mejia v Mejia*, 106 AD3d 786, 788 [2013]; *Felix v Felix*, 87 AD3d 1106, 1108 [2011]; *Bogannam v Bogannam*, 60 AD3d at 986).

The award of reasonable counsel fees is a matter within the sound discretion of the trial court (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]). A court must consider the relative merits of the parties' claims and their respective financial positions (*see Levy v Levy*, 4 AD3d 398, 398 [2004]; *Merzon v Merzon*, 210 AD2d 462, 464 [1994]). Contrary to the parties' respective contentions, the Supreme Court providently exercised its discretion in awarding the wife the sum of $26,500 in counsel fees (*see Davydova v Sasonov*, 109 AD3d 955, 958 [2013]; *Schek v Schek*, 49 AD3d 625, 626 [2008]).

The plaintiff's remaining contention is without merit. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.