■ Martin Carlin, Respondent, v Barbara Carlin, Appellant. [7 NYS3d 230]—

In a matrimonial action in which the parties were divorced

by judgment dated May 27, 2008, the defendant appeals from stated portions of a money judgment of the Supreme Court, Westchester County (Nicolai, J.), dated February 20, 2014, which, upon an order of the same court (Colangelo, J.) dated November 20, 2012, directing the entry of a money judgment in her favor and against the plaintiff, awarded her the sum of only $45,000 in attorney's fees and directed that statutory prejudgment interest shall run only from January 25, 2012.

Ordered that on the Court's own motion, the defendant's notice of cross appeal from the order dated November 20, 2012, is deemed a premature notice of appeal from the money judgment dated February 20, 2014 (*see* CPLR 5520 [c]); and it is further,

Ordered that the money judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were divorced by judgment dated May 27, 2008. In 2012, the defendant moved for an order directing the entry of a money judgment against the plaintiff as a result of the plaintiff's failure to make a distributive award, for statutory prejudgment interest, and for more than $88,000 in attorney's fees relating to this motion and relating to a hearing that was held regarding a prior motion that the defendant had made to hold the plaintiff in contempt. The plaintiff cross-moved for certain relief. In her reply, the defendant requested that sanctions be imposed upon the plaintiff for making a frivolous cross motion.

In an order dated November 20, 2012, the Supreme Court denied the plaintiff's cross motion and granted the defendant's motion to the extent of directing the entry of a money judgment against the plaintiff as a result of the plaintiff's failure to make a distributive award, with statutory prejudgment interest on that award running from January 25, 2012, and awarding the defendant $45,000 in attorney's fees. The plaintiff filed a notice of appeal from this order, but his appeal was dismissed for failure to perfect the appeal. The defendant filed a notice of cross appeal from so much of the order as provided that statutory prejudgment interest shall run from January 25, 2012, and as awarded the sum of only $45,000 in attorney's fees. Subsequently, a money judgment was entered upon the order.

The defendant's contention that statutory prejudgment interest should have run from March 1, 2006, instead of January 25, 2012, has been rendered academic by the entry of the money judgment. That money judgment, which superseded the order dated November 20, 2012 (*see Delijani v Delijani*, 100 AD3d 951, 952 [2012]), includes an award of statutory prejudgment interest running from December 20, 2005.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in awarding the defendant only $45,000 of the more than $88,000 in attorney's fees that she requested (*see Dochter v Dochter*, 118 AD3d 665, 666 [2014]; *Ashmore v Ashmore,* 92 AD3d 817, 820 [2012]; *Brantly v Brantly*, 89 AD3d 881, 883 [2011]).

Since the defendant's notice of cross appeal was limited to the portions of the November 20, 2012, order that provided that statutory prejudgment interest shall run from January 25, 2012, and that awarded only $45,000 in attorney's fees, the defendant's argument that the Supreme Court erred in failing to sanction the plaintiff for making a frivolous cross motion is not properly before this Court (*see Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn.*, 113 AD3d 853, 855 [2014]; *W. Park Assoc., Inc. v Everest Natl. Ins. Co.*, 113 AD3d 38, 43 [2013]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.