Weir v Weir (2020 NY Slip Op 06207)





Weir v Weir


2020 NY Slip Op 06207


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Renwick, J.P., Gesmer, Kern, Singh, JJ. 


Index No. 313319/11 Appeal No. 12227 Case No. 2019-04128 

[*1]Daniel Weir, Plaintiff-Respondent,
v
Pam Thur Weir, Defendant-Appellant.


Sharova Law Firm, Brooklyn (Charles W. Marino of counsel), for appellant.
Jan Levien, P.C., New York (Jan Levien of counsel), for respondent.



Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered July 31, 2019, which, to the extent appealed from as limited by the briefs: (a) denied the prong of the wife's cross motion to compel the husband to pay 93% of the children's pre-college and college-related expenses and denied, without prejudice, the husband's motion for an order allocating such expenses pro rataand granted him the right to renew once such expenses were known; (b) conditioned the husband's obligation to pay a share of college application fees upon the wife taking all steps necessary to facilitate the husband's participation in the application process; (c) declined to hear any further financial applications until each party had satisfied his/her outstanding obligations to pay the attorney for the children (AFC); (d) denied the prong of the wife's cross motion to require the husband to maintain life insurance securing his child support obligations; and (e) denied the prong of the wife's cross motion to compel financial discovery, unanimously modified, on the law, the facts and in the exercise of discretion, to grant the wife's cross motion to the extent of compelling the husband to pay 93% of the children's pre-college and college-related expenses, and to reverse so much of the order as imposed a condition on the husband's payment of the children's educational expenses and declined to hear further financial applications until the parties had paid the AFC, and otherwise affirmed, without costs.
The motion court should have denied, with prejudice, the husband's motion as to allocation of pre-college and college-related expenses, on grounds that it has already been determined that he is responsible for 93% of such expenses (see DRL 240-[1-b][c][7]). The judgment of divorce provides that "educational expenses" will be split between the husband and wife, respectively, 93/7, and bears no indication that the parties intended to exclude pre-college or college-related expenses from that broad term (see Nash v Yablon-Nash, 61 AD3d 832 [2d Dept 2009]). To the contrary, the findings of fact referenced in and annexed to the judgment state that, per the parties' "agreement," "educational expenses" would be split 93/7 for the "future." Moreover, the motion court's approval of the parties' deviation from the CSSA guidelines as to basic child support ($75,000, rather than $175,000-plus/year), was premised, in part, on how the parties had agreed to handle the children's educational expenses.
The husband cites cases where a court's imposition of college costs on the parent of a young child was deemed premature, but such cases do not apply here, as there is no mention in them of the parties having expressly, and broadly, agreed to split the children's "educational expenses" incurred in the "future" (see e.g. Gilkes v Gilkes, 150 AD2d 200 [1st Dept 1989]; Friedman v Friedman, 216 AD2d 204 [1st Dept 1995]; Matter of Whittaker v Feldman, 113 AD2d 809 [2d Dept 1985]).
The motion court improperly conditioned the husband's financial obligations on the wife's facilitating his involvement in the application process, since neither party requested this relief, and neither the parties' financial agreement nor the judgment of divorce contains such a condition. Moreover, to the extent that the court was concerned that one party might be preventing the other from exercising joint custody, the appropriate remedy would be a request to enforce or modify custody, which neither party had made.
The court should not have declined to hear future financial applications until the parties had paid the AFC. While we do not condone the parties' failure to pay the AFC, the appropriate remedy for such failure is a motion for enforcement of the order directing payment of the AFC, including appropriate penalties for failure to comply with it.
The wife's remaining arguments are unavailing. She tries to shoehorn an obligation on the husband's part to maintain life insurance to secure his child support obligations into the judgment's provision allowing each party to maintain his/her own funds and accounts, but cites no authority to support her claim that a life insurance policy is a "fund" or "account," and the stipulation and judgment are otherwise silent about life insurance. Finally, she does not show the court erred in denying her request for discovery of the husband's tax returns, as she does not show what information is outstanding. She claims the husband failed to produce the returns per a prior order, yet she referred to and annexed tax information through 2017, and cited information about the husband's 2018 income as well. She flags the motion court's observation that the husband's 2015 W-2 likely did not reflect his full income for that particular year, as his firm might make distributions from its escrow account at a later date, but she does not show that the husband did not fully account for his adjusted gross income in his tax returns, either for that year or any other.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020