Weir v Weir (2025 NY Slip Op 02745)

Weir v Weir

2025 NY Slip Op 02745

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Index No. 313319/11|Appeal No. 4303|Case No. 2024-01620|

[*1]Dan Weir, Plaintiff-Respondent,
v
Pam Thur Weir, Defendant-Appellant.

Abrams Fensterman, LLP, White Plains (Aaron Zucker of counsel), for appellant.
Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for respondent.

Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered January 30, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff-husband's motion to reargue his opposition to defendant-wife's motion to compel the husband to sign all forms necessary to permit her to refinance the mortgage on the Sag Harbor property, order the husband to pay transfer taxes, and order the husband to pay the costs associated with his failure to cooperate with her on the refinance and, upon reargument, vacated, in part, the prior order, same court (Ariel D. Chesler J.), entered January 27, 2023, to the extent of finding that the wife was not entitled to any damages from the nonpayment of transfer taxes, and denied, in part, the wife's cross-motion to hold the husband in civil contempt for failing to pay his pro-rata share of college related expenses to the extent those expenses were deemed optional, unanimously modified, on the law, without costs, to adhere to the prior order and to grant the wife's cross-motion in its entirety, and otherwise affirmed, without costs.
Although Supreme Court providently exercised its discretion in granting the husband's motion for leave to reargue despite his failure to include the underlying motion papers (CPLR 2214[c]; see Leary v Bendow, 161 AD3d 420, 420 [1st Dept 2018]), upon consideration of the motion it should have adhered to the court's prior determination. The court failed to identify any issue of fact or law that was purportedly overlooked or misapprehended in the prior order deciding the wife's underlying motion (CPLR 2221[d]; cf. Sheridan v Very, Ltd., 56 AD3d 305, 306 [1st Dept 2008]). Rather, the court engaged in a de novo review, arriving at the erroneous conclusion that the wife was not entitled to seek damages for the husband's failure to pay transfer taxes to close on a refinance because she could have paid the tax herself. The husband never raised this argument, either in the underlying motion or on his motion to reargue. Here, the wife asserted that the husband's failure to execute the necessary documents to transfer the property to her, in compliance with the parties' judgment of divorce, prevented her from refinancing the property at a significantly lower interest rate.
With respect to the wife's cross-motion seeking the husband's pro rata contribution to their child's "educational" expenses in compliance with the parties' judgment of divorce, the court erred to the extent it interpreted that broad term, which appears without limitation in the parties' judgment of divorce, to apply only to college-related expenses the court deemed mandatory, while excluding "optional" expenses such as bookstore charges and fees for lockouts (see e.g. Sebrell v Svet, 230 AD3d 401, 402 [1st Dept 2024]). There is no basis for adding these qualifying terms to the judgment of divorce, which, in effect, would improperly "create a new contract for the parties under the guise of interpreting the [*2]writing" (id.; see Weir v Weir, 187 AD3d 668, 668-669 [1st Dept 2020]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025