■ WILLIAM STRUMLAUF, Respondent v SANDINE ORIGINALS, INC., et al., Appellants. — In an action to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Westchester County, entered November 23, 1979 which, after a nonjury trial, was in favor of the plaintiff. Judgment reversed, on the law and the facts, with costs, and complaint dismissed. Aside from the equivocal and self-serving testimony of the plaintiff himself, none of the proof adduced at trial substantiated the plaintiff's contention that the question of carryback refunds was considered by the parties in the discussions which preceded the signing of the agreement. In fact, the plaintiff's testimony was contradicted by the testimony of all the other witnesses, including one who could be considered disinterested. In the absence of proof, either in the language of the contract (see *Strumlauf v Sandine Originals,* 70 AD2d 911), or the credible parol evidence offered at trial, that the parties intended the plaintiff to participate in carryback refunds, we cannot accept the construction of the contract adopted by the trial court. While the carryback was, as a matter of Federal tax law, payable on account for the years when the plaintiff was a shareholder of the defendant corporation, it was in fact occasioned by losses suffered after his separation (see *Holmes Eureka Lbr. Co. v Mitchell-Dorr Realty Co.,* 222 F2d 871). We conclude that the plaintiff is not entitled to a share of the carryback, and that his complaint should be dismissed. Mangano, J. P., Rabin, Gulotta and Weinstein, JJ., concur.