■ JUDITH SCHWARTZ, Appellant, v ROBERT J. SCHWARTZ, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from (1) so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), entered September 6, 1989, as granted her application for pendente lite appraisal and accounting fees only to the extent of awarding her $1,500, and referred her application for counsel fees to the trial court, and (2) so much of an order of the same court, entered December 1, 1989, as, upon granting reargument of the appraisal, accounting and counsel fees issues, adhered to the original determination.

Ordered that the appeal from the order entered September 6, 1989, is dismissed, as that order was superseded by the order entered December 1, 1989, made upon reargument; and it is further,

Ordered that the order entered December 1, 1989, is modified by deleting the provision thereof adhering to the original determination, and by adding thereto a provision granting the plaintiff's application to the extent of increasing the pendente lite appraisal and accounting fees to $3,500 and awarding her pendente lite counsel fees of $2,500; as so modified, the order entered December 1, 1989, is affirmed insofar as appealed from, and the order entered September 6, 1989, is modified accordingly; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Considering that the plaintiff wife bears the burden of demonstrating the value of the defendant husband's business interests at trial *(see, Gredel v Gredel,* 128 AD2d 834), and given the financial positions of the respective parties, we conclude that an award to the plaintiff of $3,500 in expert appraisal and accounting fees is appropriate *(see,* Domestic Relations Law § 237 [d]; *Bernstein v Bernstein,* 143 AD2d 168; *Ahern v Ahern,* 94 AD2d 53). Moreover, under the circumstances of this case, we find that the plaintiff is entitled to an award of pendente lite counsel fees in the amount of $2,500 *(see,* Domestic Relations Law § 237 [a]; *Ahern v Ahern, supra).*

We further note that our modification of the order is without prejudice to future applications by the plaintiff for professional fees should it appear that she is unable to carry on her action in the absence of such additional funds. Kunzeman, J. P., Kooper, Sullivan and Miller, JJ., concur.