■ BRUCE GODFRYD, Respondent, v MARY L. GODFRYD, Appellant. [607 NYS2d 765] —Judgment unanimously modified on the law and facts and in the exercise of discretion and as modified affirmed with costs to defendant in accordance with the following Memorandum: Defendant appeals from a judgment of Supreme Court that resolved the economic issues arising from the dissolution of the parties' marriage. Insofar as relevant to the contentions on appeal, the judgment determined that the aggregate marital debt was $30,000, for which the parties were to be equally responsible; awarded plaintiff sole title to the marital residence; ordered plaintiff to pay defendant $3,000, representing her share of the equity in that property; determined that $6,400 received by defendant from her father's estate was her separate property; directed that the parties' cabin property be sold and that, from the proceeds of such sale, defendant should recover the sum of $6,400 as her separate property and $3,000 as her equity in the marital residence, with the remainder of the proceeds from the sale of the cabin property to be divided equally between the parties; granted each party sole title to all items of personal property

"now or hereafter owned or held" by him or her, with the exception of a figurine that defendant was ordered to return to plaintiff; and ordered plaintiff to pay defendant maintenance of $100 per week for six months.

On appeal, defendant contends that the allocation of the marital debt was inequitable; that the court did not adequately compensate defendant for the value of her separate property; that the court failed to account for and fairly distribute all of the marital property, in particular, household furnishings and appliances, a vehicle, and defendant's small business; that the court abused its discretion in failing to order that the marital residence be sold and that the proceeds be distributed to the parties, and in ordering the distributive award to be paid from the proceeds of the sale of the cabin property; and that the court failed to make an adequate award of maintenance.

In the exercise of our fact-finding power and judicial discretion, we conclude that it would be more equitable to allocate responsibility for the $30,000 marital debt 60% to plaintiff and 40% to defendant. Although the court implicitly determined that each party contributed to creation of the marital debt, we find that a significant portion of it was incurred by plaintiff for his exclusive benefit, in particular for a number of expensive vacation trips that plaintiff took without defendant. It would be inequitable to hold defendant proportionately liable for debt incurred for vacations taken by plaintiff (cf., *Balch v Balch,* 193 AD2d 1079). In the exercise of our discretion, we take that circumstance, as well as plaintiff's greater earning capacity, into account in modifying the judgment to reallocate responsibility for the $30,000 marital debt.

Based on the foregoing modification, the distributive award should be modified. Reallocation of responsibility for the marital debt yields a figure of $6,000 as defendant's share of the equity in the marital residence. When that figure is added to the $6,400 found as defendant's separate property, plaintiff is obligated to pay defendant $12,400 in order to purchase her share in the marital residence. Further, we conclude that the judgment is defective in allowing plaintiff to pay the distributive award out of the proceeds of the cabin property. That aspect of the judgment has the inequitable effect of depriving defendant of her rightful share of the equity in the cabin. The judgment must be modified to direct plaintiff to pay defendant a distributive award in the amount of $12,400 and, additionally, to award defendant one half of the proceeds from the sale of the cabin property.

Further, we conclude that the judgment distributing the furnishings in the marital residence is inequitable. The uncontroverted testimony of defendant was that, with the exception of an antique figurine and two lamps that she removed from the marital residence, all of the household furnishings and appliances remained in the possession of plaintiff. The court ordered that, with the exception of the figurine, which defendant was ordered to return to plaintiff, "all items of personal property of every kind, whether referred to in this order or not, now or hereafter owned or held by the plaintiff or the defendant shall be deemed his or her separate property". That aspect of the judgment has the effect of granting plaintiff title to all of the household furnishings and appliances. In the exercise of our discretion, we further modify the judgment to distribute the following items in kind: the washer, dryer, microwave, living room set, and one bedroom set to defendant; the stove, refrigerator, television, videocassette recorder, dining room set, figurine, and the remainder of the bedroom furniture to plaintiff.

Finally, we conclude that the court's award of maintenance was an abuse of discretion. The parties were married for 22 years. Plaintiff has a consistent work record and good prospects for continued employment. He works in his chosen field, earns approximately $41,000 at his primary job, and has additional income from a small business. On the other hand, defendant has never been able to obtain a job in her field, has a relatively short and spotty employment record, has never made more than $17,000 per year, and was unemployed at the time of trial. In those circumstances, we conclude that an award of maintenance of $100 a week for five years is equitable, and we modify the judgment accordingly.

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Kane, J.—Divorce.) Present— Denman, P. J., Green, Balio, Lawton and Boehm, JJ.