■ GREGORY ANTOIAN, Respondent, v WINIFRED E. ANTOIAN, Appellant. [626 NYS2d 535] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Kutner, J.), entered May 3, 1993, which, after a nonjury trial, inter alia, awarded the plaintiff Prudential-Bache securities in the amount of $2,000 and directed her to transfer to the plaintiff cash or securities in the sum of $63,105.67.

Ordered that the judgment is modified, on the facts, (1) by deleting from the third decretal paragraph thereof the words "Prudential-Bache Securities in the amount of $2,000.00", (2) by deleting from the fourth, fifth, and sixth decretal paragraphs thereof the sum "$63,105.67" and substituting therefor the sum "$17,021.83", (3) by adding to the fifth decretal paragraph after the words "said balance to defendant" the words "except for the funds in the joint Prudential-Bache Securities Account", and (4) by adding thereto a tenth decretal

paragraph as follows: "ORDERED and ADJUDGED that the funds in the joint Prudential-Bache Securities Account shall be distributed 45% to the plaintiff and 55% to the defendant upon its liquidation."; as so modified the order is affirmed insofar as appealed from, with costs to the appellant.

The defendant contends that the court erred in failing to value the plaintiff's business, G&W Dairy Distributors, Inc. The defendant, as the party seeking an interest in this asset, had the burden of establishing its value. The defendant failed to present sufficient proof to rebut the plaintiff's assertion that the business had no value at the time of trial and to enable the court to assess its value (see, Schwartz v Schwartz, 160 AD2d 791; Gredel v Gredel, 128 AD2d 834; Michalek v Michalek, 114 AD2d 655). Thus, the court properly declined to include the value of the business in the marital estate.

The Supreme Court properly exercised its discretion in awarding 45% of the marital estate to the plaintiff. The evidence at trial supports the court's finding that the plaintiff's income was only slightly less than that of the defendant, and, thus, the distributive award is proportionate to each parties' contribution to the marriage (see, Price v Price, 69 NY2d 8; Arvantides v Arvantides, 64 NY2d 1033). However, we agree with the defendant that only $27,000 of the funds contained in the defendant's Chase Manhattan Bank account constitute marital property and that the parties jointly held only 117 shares of NYNEX stock.

We also find that the defendant's interest in an Individual Retirement Account at Reliance Federal Savings Bank in the amount of $2,000 constitutes her separate property since these funds were acquired by her after the commencement of the divorce action (see, Stempler v Stempler, 200 AD2d 733, 734; Lennon v Lennon, 124 AD2d 788).

We agree with the parties that the trial court erred in directing the immediate distribution of the funds in their joint Prudential-Bache securities account. If and when this account is liquidated, the assets should be distributed 45% to the plaintiff and 55% to the defendant. All dividends and interest shall be reinvested into the account until such time as the account is liquidated.

The defendant's remaining contentions are without merit. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.