■ Grace M. Jonas, Respondent, v Jerry P. Jonas, Appellant. [660 NYS2d 487] —Crew III, J. Appeal from an order of the Supreme Court (Kahn, J.), entered May 10, 1996 in Albany County, which partially granted plaintiff's motion for partial summary judgment.

On the day of their marriage in February 1989, the parties entered into an antenuptial agreement. Insofar as is relevant to this appeal, the agreement contained certain handwritten revisions providing, *inter alia*, that "[a]ny after acquired property except as herein stated shall be apportioned equally under the equitable distribution statutes". No specific provision was made for the allocation of marital debt.

The parties separated in 1992 and plaintiff thereafter commenced this action for divorce in May 1993. Following service of defendant's answer and counterclaim, plaintiff moved for partial summary judgment seeking, *inter alia*, a declaration that defendant was solely responsible for the approximately $31,000 debt financed through his home equity line of credit. Supreme Court granted plaintiff's motion to this extent and this appeal by defendant ensued.

Contrary to Supreme Court's finding and plaintiff's assertion on appeal, it is not the source of the funds used to finance the debt, i.e., defendant's home equity line of credit, that is dispositive. Rather, it is the nature of the debt itself, the manner in which and for whose benefit the funds were expended and the source of repayment that ultimately will determine whether the obligation is marital or separate in nature. In this regard, it is well settled that "outstanding financial obligations incurred during the marriage which are not solely the responsibility of the spouse who incurred them may be offset against the total marital assets to be divided" (*Feldman v Feldman*, 204 AD2d 268, 270; *see, Savage v Savage*, 155 AD2d 336, 337). Where, however, the indebtedness is incurred by one party for his or her exclusive benefit or in pursuit of his or her separate interests, the obligation should remain that party's separate liability (*see, e.g., Godfryd v Godfryd*, 201 AD2d 927, 928; *Helen A. S. v Werner R. S.*, 166 AD2d 515, 517).

With respect to the debt at issue, there does not appear to be any disagreement as to the amount of the debt incurred, the source of the proceeds or the actual expenditures made. The parties do not dispute that, during the course of their marriage, defendant borrowed approximately $31,000 on his home equity line of credit and that this debt was secured by defendant's residence, which admittedly was his separate property. Additionally, it is uncontested that such funds were used to purchase stock titled in both parties' names ($10,000), pay for the parties' wedding and honeymoon ($12,600), extend a loan to a friend ($5,000), pay for an anniversary trip ($1,200) and purchase wedding clothing and Christmas presents ($1,950.82). Plaintiff and defendant part company, however, with respect to whether the debt incurred was intended to be a marital obligation or, rather, defendant's sole responsibility.

In support of her motion for summary judgment, plaintiff averred that she was opposed to incurring the underlying debt, that she neither was involved in nor executed any documents in connection with obtaining the home equity line of credit and that at no time did she and defendant discuss her obligation to

reimburse him for any of the sums expended. Indeed, plaintiff averred that defendant advised her "not to worry about it and that he would pay [the debt]". Although such proof plainly was sufficient to sustain plaintiff's initial burden on her motion for partial summary judgment, defendant's affidavit paints quite a different picture.

In opposition to plaintiff's motion, defendant averred, with respect to the expenditures at issue on appeal, that "each and every time that a withdrawal was made against the home equity line of credit, the plaintiff and I discussed the expenditure, agreed to utilize money against the home equity line of credit and further specifically agreed that it would be repaid from our joint checking account". According to defendant, "plaintiff not only agreed with making these expenditures but actually made many of the arrangements". In sum, defendant averred that "[t]hese expenditures were based upon our joint decisions, for our joint benefit and with the understanding that the debt would be jointly repaid". Such proof is sufficient, in our view, to raise a question of fact regarding, *inter alia*, the circumstances under which and for whose benefit the underlying expenditures were made and the debt was incurred. As resolution of this issue must await a trial, Supreme Court erred in partially granting plaintiff's motion.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiff's motion; motion denied to that extent; and, as so modified, affirmed.