■ Doris R. Basos, Respondent-Appellant, v George Basos, Appellant-Respondent. [663 NYS2d 387] —White, J. Cross appeals from a judgment of the Supreme Court (Rose, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered September 19, 1996 in Tioga County, upon a decision of the court.

After a marriage of 41 years, the parties separated and ultimately obtained a judgment of divorce in which their marital property was equally distributed between them. Plaintiff now resides in Tennessee while defendant continues to live in the marital residence, and both parties now take issue with certain aspects of Supreme Court's award.

Supreme Court achieved the equal distribution of the marital property by making a distributive award of $25,891 to plaintiff that is to be paid by defendant in monthly installments over a 10-year period and distributing $28,732 of the parties' $32,193 cash assets to her. The parties' nonliquid assets, the marital residence (which includes 24 acres of land), its contents and two motor vehicles were distributed to defendant. Defendant contends that this distribution is unequal because plaintiff received substantially all of the liquid assets. He maintains that a more equitable distribution could be obtained by directing the sale of the marital residence with the parties sharing equally in the net proceeds. He further complains that the monthly payments of the distributive award will render him unable to pay his current living expenses.

Generally, absent unusual circumstances, the marital residence should be sold following the judgment of divorce (*see, Church v Church*, 169 AD2d 851, 853). Although there appears to be no reason for not applying this rule here, it is not necessary to modify Supreme Court's award since defendant, without court intervention, can achieve the distribution he seeks as there is nothing preventing him from selling the marital residence or a portion of the surrounding acreage and paying the distributive award* since the judgment provides him with the right of prepayment.

Plaintiff takes issue with Supreme Court's failure to apportion the $11,000 in debt she incurred in her name during the

---

* We note that the distributive award is less than one half of the marital residence's $61,000 valuation.

marriage. We find no fault with this aspect of Supreme Court's determination since the record shows that this was a separate debt as it was not incurred for marital benefit (*see, Jonas v Jonas*, 241 AD2d 839; *Dietz v Dietz*, 203 AD2d 879, 882).

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.