■ GARY MCKEEVER, Appellant, v PATRICIA MCKEEVER, Respondent. [777 NYS2d 781]—

Mercure, J. Appeal from a judgment of the Supreme Court (Leaman, J.), entered October 31, 2002 in Ulster County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

In October 2002, plaintiff was granted a divorce on the ground of cruel and inhuman treatment. Supreme Court distributed the parties' property and, among other things, granted plaintiff a distributive award based on the value of the parties' two vehicles. In addition, the court allocated $3,430.91 of the parties' credit card debt to defendant and $31,418.91 to plaintiff. Plaintiff appeals and we now affirm.

Regarding marital debt, " 'outstanding financial obligations incurred during the marriage which are not solely the responsibility of the spouse who incurred them may be offset against the total marital assets to be divided' " (*Jonas v Jonas*, 241 AD2d 839, 840 [1997], quoting *Feldman v Feldman*, 204 AD2d 268, 270 [1994]). Moreover, it is well settled that "[t]rial courts are granted 'substantial discretion in determining what distribution of marital property [—including debt—] will be equitable under all the circumstances' " (*Farrell v Cleary-Farrell*,

306 AD2d 597, 599 [2003], quoting *Owens v Owens*, 288 AD2d 782, 783 [2001]; *see Lewis v Lewis*, 6 AD3d 837, 839-840 [2004]). Here, in distributing the parties' credit card debt, Supreme Court considered the parties' respective incomes, employment status and future employment prospects, plaintiff's practice of using credit cards in defendant's name to purchase equipment and supplies for his business with defendant's acquiescence, defendant's use of funds from her 401 (k) plan to satisfy $16,000 of the parties' credit card debt after their separation, the tax consequences experienced by defendant in liquidating her 401 (k) plan to pay the marital debt, and that plaintiff gave away a computer on which a credit card balance was owed. Under these circumstances, we cannot say that Supreme Court abused its discretion in apportioning the majority of the parties' credit card debt to plaintiff (*see Liepman v Liepman*, 279 AD2d 686, 689 [2001]; *Fuchs v Fuchs*, 276 AD2d 868, 870-871 [2000]). Contrary to plaintiff's argument, neither the fact that defendant may have obtained a benefit in the form of frequent flyer miles due to plaintiff's use of credit cards in defendant's name nor that approximately $650 of the charges were incurred by defendant after the parties separated requires a different result.

With respect to the valuation of the parties' automobiles, we find no reason to disturb Supreme Court's use of the sale price of one vehicle and the amount required to satisfy the lien on another to determine the value of the vehicles. As noted by Supreme Court, there is no indication that the valuation submitted by plaintiff, derived from his personal research, bore any relation to the actual condition of the vehicles at the time defendant took possession of them, upon the parties' separation.

We have considered plaintiff's remaining arguments and conclude that they are meritless.

Cardona, P.J., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.