■ PATRICIA L. CORLESS, Appellant, v ROBERT JON CORLESS, Respondent. [795 NYS2d 273]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1), as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Spolzino, J.), dated October 24, 2003, which, after a nonjury trial and upon an order of the same court dated September 4, 2003, inter alia, distributed the marital assets, allocated the marital debt, found that she was solely responsible for a loan taken to finance her graduate school education, awarded her maintenance in the sum of only $4,000 per month until she reaches the age of 65 years, to then be reduced to the sum of only $2,000 per month until the defendant reaches the age of 65 years, awarded her child support in the sum of $3,000 per month without specifying that it was to be assessed retroactive to the date of the commencement of the action, and failed to direct the defendant to obtain life insurance to secure his spousal maintenance and child support obligations, and (2) from an order of the same court dated May 24, 2004, which, upon so much of the judgment as determined that the defendant shall pay 35% of the reasonable attorney's fees and litigation costs incurred by her and directed her to submit evidence of her attorney's fees and litigation costs, awarded her the sum of only $17,768 in attorney's fees and litigation costs.

Ordered that the judgment is modified, on the facts, by adding a provision thereto directing the defendant to maintain a life insurance policy with the plaintiff as beneficiary in the sum of $400,000 until he reaches the age of 65 years; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated May 24, 2004, is affirmed, without costs or disbursements.

Contrary to the plaintiff's contention, the defendant's use of his income, including severance pay, to pay legitimate household expenses did not constitute a dissipation of marital assets (*see Gonzalez v Gonzalez,* 291 AD2d 373, 374 [2002]; *Harbour v Harbour,* 227 AD2d 882, 883-884 [1996]).

The Supreme Court is given broad discretion in allocating the assets and debts of the parties to a matrimonial action (*see McKeever v McKeever,* 8 AD3d 702 [2004]). Here, the Supreme Court properly considered the entirety of the marital estate in apportioning the parties' financial obligations, after allocating to each party the responsibility for debts incurred after commencement of the action (*see Prince v Prince,* 247 AD2d 457 [1998]).

While outstanding financial obligations incurred during the marriage which are not solely the liability of either spouse may be deemed marital obligations, a financial obligation incurred by one party in pursuit of his or her separate interests should remain that party's separate liability (*see Jonas v Jonas,* 241 AD2d 839, 840 [1997]; *Helen A.S. v Werner R.S.,* 166 AD2d 515, 517 [1990]). The plaintiff's graduate school education was not treated as marital property and the student loan used to finance that education was, under the circumstances, incurred for the plaintiff's sole benefit. In view of the foregoing, the Supreme Court providently exercised its discretion in allocating this debt to the plaintiff as her separate responsibility.

The award of maintenance in this case, which took into account the plaintiff's age, health, education, and employment history (*see Wortman v Wortman,* 11 AD3d 604, 606 [2004]; *Unterreiner v Unterreiner,* 288 AD2d 463 [2001]; *Poli v Poli,* 286 AD2d 720, 723 [2001]) was a proper exercise of the Supreme Court's discretion.

The Supreme Court erred in failing to direct the defendant to obtain and maintain a life insurance policy to secure his obligation for maintenance and child support (*see Comstock v Comstock,* 1 AD3d 307, 308 [2003]). We conclude that a life insurance policy in the fixed amount of $400,000 will be sufficient (*see Fogarty v Fogarty,* 284 AD2d 300, 301-302 [2001]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.