■ GEORGE C. DINSTBER III, Appellant, v GEICO INSURANCE COMPANY, Respondent. [820 NYS2d 804]—

In an action to recover damages for breach of an insurance contract, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated June 23, 2003, which denied his motion pursuant to CPLR 3122 for a protective order concerning particular discovery demands made by the defendant, (2) an order of the same court dated May 11, 2004, which denied his motion to strike the answer and granted the defendant's cross motion to compel compliance with certain discovery demands, (3) an order of the same court dated September 8, 2004, which granted the defendant's motion pursuant to CPLR 3126 to dismiss the complaint based on his failure to comply with certain discovery demands, (4) an order of the same court dated September 20, 2004, which denied his motion for leave to reargue his prior motion to strike the answer and the defendant's prior cross motion to compel compliance with certain discovery demands, and (5) a judgment of the same court entered October 14, 2004, which dismissed the complaint.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Dismissal of a party's pleading pursuant to CPLR 3126 is within the discretion of the Supreme Court where, as here, the party's repeated failure to comply with orders of the court directing disclosure, without excuse, supports an inference that the failure to provide disclosure was willful and contumacious (*see Ranfort v Peak Tours*, 250 AD2d 747 [1998]; *Frias v Fortini*, 240 AD2d 467 [1997]; *Kubacka v Town of N. Hempstead*, 240 AD2d 374 [1997]).

The plaintiff's remaining contention is without merit. Miller, J.P., Luciano, Rivera and Spolzino, JJ., concur.