■ Patricia A. Mahoney-Buntzman, Appellant-Respondent, v Arol I. Buntzman, Respondent-Appellant. [858 NYS2d 698]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Giacomo, J.), dated November 16, 2006, as, after a nonjury trial, fixed her distributive award at the sum of only $2,467,151.43, awarded her only 35% of the value of certain shares of stock and stock options issued to the defendant by his employer, failed to award her a 50% credit with respect to separate property debts of the defendant, established the date of commencement of the action as the valuation date for the defendant's RBC Dain Rauscher investment account, awarded her durational rather than life time maintenance in the monthly amount of only $2,500 for only 15 months, and failed to direct the defendant to continue paying the parties' children's college tuition and expenses until they reached 21 years old, and the defendant cross-appeals from stated portions of the same judgment which, inter alia, distributed $1,800,000 received by him during the parties' marriage as marital property, and valued and distributed certain shares and stock options issued to him by his employer.

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, (1) by increasing the plaintiff's distributive award from the sum of $2,467,151.43 to the sum of $2,524,005.40, and (2) by adding a provision thereto directing the defendant to pay for the parties' children's college tuition and expenses until they reach the age of 21; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

During the parties' marriage, the defendant took out a student loan in the amount of $48,162.90 to pay for a doctoral degree in education, which was satisfied with marital funds. The plaintiff contends that the trial court erred in failing to award her a 50% credit with respect to the student loan. We agree. The defendant's expert testified that the doctoral degree earned by the defendant during the marriage did not enhance his earnings, and thus, provided no benefit to the marriage, and there was no distributive award of the value of the doctorate degree to the plaintiff in light of its zero enhanced earning capacity value. The student loan debt was incurred to satisfy the defendant's separate interest and therefore is his own separate obligation (*see Corless v Corless,* 18 AD3d 493, 494 [2005];

*Helen A.S. v Werner R.S.,* 166 AD2d 515, 517 [1990]). Accordingly, the trial court erred in failing to award the plaintiff a 50% credit, or $24,081.45, for the student loan debt incurred by the defendant during the marriage to attain this degree (*see Basos v Basos,* 243 AD2d 932, 932-933 [1997]; *Jonas v Jonas,* 241 AD2d 839, 840 [1997]).

The plaintiff also contends that the trial court erred in not crediting her with 50% of the defendant's premarital debts paid with marital funds during the marriage, to wit: maintenance paid to the defendant's first wife in the total amount of $58,545, and $7,000 paid in 1998 as a settlement of a loan for a boat purchased by the defendant before the marriage but surrendered to the bank in 1993 prior to the marriage for nonpayment of the boat loan. We agree. The defendant's maintenance obligation to his first wife and the boat loan constituted debts incurred by him prior to the parties' marriage and are therefore solely his responsibility (*see Dewell v Dewell,* 288 AD2d 252 [2001]; *Micha v Micha,* 213 AD2d 956, 957-958 [1995]). Accordingly, the trial court erred in failing to award the plaintiff additional credits of $29,272.50 as to the maintenance payments to the defendant's first wife and $3,500 as to the boat loan.

We also agree with the plaintiff's contention that the trial court improvidently exercised its discretion in declining to direct that the defendant pay the parties' children's college tuition and expenses until they reach the age of 21 upon finding that the children had sufficient resources of their own to pay for their college education from trust funds given to them by their paternal grandfather. In view of the defendant's own significant financial resources in contrast to the plaintiff's limited financial resources, and the defendant's own testimony that the parties agreed not to use the children's trust funds to pay for their college tuition and expenses, as well as giving due consideration to the factors listed in Domestic Relations Law § 240 (1-b) (c) (7), the defendant should pay for the childrens' college tuition and expenses until they reach the age of 21 (*see Brough v Brough,* 285 AD2d 913, 916-917 [2001]; *Finkelstein v Finkelstein,* 268 AD2d 273, 274-275; *Guiry v Guiry,* 159 AD2d 556, 556-557 [1990]; *Connolly v Connolly,* 83 AD2d 136 [1981]).

The parties' remaining contentions are without merit. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur. [*See* 13 Misc 3d 1216(A), 2006 NY Slip Op 51852(U) (2006).]