██ Jenny DiFiore, Appellant-Respondent, v Gandolfo DiFiore, Respondent-Appellant. [925 NYS2d 544]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals (1) from findings of fact and conclusions of law of the Supreme Court, Queens County (Corrado, J.H.O.), dated January 5, 2010, (2) from a qualified medical child support order of the same court dated January 5, 2010, and (3), as limited by her brief, from so much of a judgment of the same court dated January 5, 2010, as, upon a decision of the same court dated July 7, 2009, made after a nonjury trial, and upon the findings of fact and conclusions of law, failed to distribute to her the sum of $206,555.75 from the proceeds of the sale of two properties owned by the defendant husband's business, J&D Builders LLC, failed to distribute to her the sum of $29,713 representing marital funds allegedly wastefully dissipated by the husband, failed to rule upon and grant her application for an award of prospective maintenance in the amount of $6,000 per month for eight years, failed to rule upon and grant her application for an award of $3,000 per month in child support and to direct the husband to pay 100% of the parties' children's unreimbursed medical and dental expenses and all of their private school tuition and expenses, failed to equitably distribute to her an award of $22,260.63, representing funds allegedly withdrawn by the husband from the parties' apartment building partnership account, April 2004 rent collected by the

husband, and funds allegedly withdrawn by the husband from the parties' equity line of credit after the commencement of the action, failed to equitably distribute to her one half of the husband's tax-deferred retirement account, and failed to award her counsel fees, and the husband cross-appeals, as limited by his brief, from so much of the same judgment as failed to direct the wife to account for certain apartment rental income collected by her after April 2004, failed to award him a separate property credit in the sum of $75,000, failed to direct that the balance of a purchase money loan from his father to the parties was to be repaid from the wife's share of the proceeds of the sale of the subject apartment building, failed to direct that certain purported marital liabilities be paid from the proceeds of the sale of the marital residence, and failed to award him a distributive share of the parties' tax-deferred retirement accounts.

Ordered that the appeal from the findings of fact and conclusions of law is dismissed, without costs or disbursements, as no appeal lies therefrom (*see Soehngen v Soehngen*, 58 AD3d 829, 830 [2009]); and it is further,

Ordered that appeal from the qualified medical child support order is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the 6th, 7th, and 8th decretal paragraphs thereof, and substituting therefor a provision awarding the wife maintenance in the sum of $3,000 per month for a period of four years, commencing on the date of the judgment, (2) by adding a provision thereto directing that the remaining balance of a loan from the husband's father to the parties toward the purchase of an apartment building be repaid out of the wife's share of the proceeds of the sale of the apartment building in the principal sum of $48,388.99 plus 5% monthly interest from April 1, 2008, to the date of payment, (3) by adding a provision thereto directing that $9,000 borrowed from the custodian account of the parties' daughter and $16,000 borrowed from the custodian account of the parties' son, the remaining balance of the loan from DiFiore & Sons Custom Woodworking in the sum $20,552, and the remaining balance of the loan from the husband's father in the sum of $11,000, be repaid from the proceeds of the sale of the marital residence prior to the distribution of the proceeds of the sale of the marital residence, and (4) by adding a provision thereto awarding the husband a credit in the sum of $11,953, representing his distributive share of the parties' tax-deferred

retirement accounts; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a calculation of child support, including private school tuition and unreimbursed medical and dental expenses, in accordance herewith, and thereafter the entry of an appropriate amended judgment.

In this action for a divorce and ancillary relief, the wife contends that the Supreme Court erred in failing to rule upon and grant her application for prospective maintenance as of the date of the judgment. We agree. Although the Supreme Court failed to set forth any factors it considered with respect to maintenance, the record is sufficient for us to make the necessary findings pursuant to Domestic Relations Law § 236 (B) (6) (a) and render the appropriate determination (*see Ortiz v Ortiz*, 267 AD2d 991 [1999]). "In determining the appropriate amount and duration of maintenance, the court is required to consider, among other factors, the standard of living of the parties during the marriage and the present and future earning capacity of both parties" (*DiBlasi v DiBlasi*, 48 AD3d 403, 404 [2008] [internal quotation marks omitted]; *see* Domestic Relations Law § 236 [B] [6] [a]; *Hartog v Hartog*, 85 NY2d 36, 50-51 [1995]). "Maintenance is designed to give the spouse economic independence, and should continue only as long as is required to render the recipient self-supporting" (*Palestra v Palestra*, 300 AD2d 288, 289 [2002] [internal quotation marks and citations omitted]; *see Schenfeld v Schenfeld*, 289 AD2d 219 [2001]; *Granade-Bastuck v Bastuck*, 249 AD2d 444 [1998]). In view of the income and property of the parties, the age and health of the parties, the present and future earning capabilities of the parties, the ability of the wife to become self supporting, the parties' preseparation standard of living, and the wife's expected distributive award (*see* Domestic Relations Law § 236 [B] [6] [a]), $3,000 per month for four years from the date of the judgment is an appropriate award of maintenance (*see* Domestic Relations Law § 236 [B] [6] [a]; *Weintraub v Weintraub*, 79 AD3d 856, 857 [2010]; *Bogannam v Bogannam*, 60 AD3d 985, 986 [2009]; *Fitzpatrick v Fitzpatrick*, 43 AD3d 991, 992 [2007]; *Milnarik v Milnarik*, 23 AD3d 960, 962 [2005]; *Dermigny v Dermigny*, 23 AD3d 429, 430 [2005]).

We agree with the wife's contention that the Supreme Court also erred in failing to rule on her application for an award of child support for the parties' two children, and we remit the matter to the Supreme Court, Queens County, to calculate child support, as well as the parties' respective pro rata shares of the

children's private school tuition and unreimbursed medical and dental expenses. In doing so, the Supreme Court must impute income to the wife in the sum of $25,000 per year, representing her past demonstrated earning capacity in the secretarial/administrative field, and must impute income of $116,000 to the husband in addition to his stated gross salary of $35,580, representing his past demonstrated earning capacity in the real estate development industry, resulting in total income of $151,580 for the husband (*see* Domestic Relations Law § 240 [1-b] [b] [5] [iv]; *Wesche v Wesche*, 77 AD3d 921, 923 [2010]; *Lilikakis v Lilikakis*, 308 AD2d 435, 436 [2003]; *Brown v Brown*, 239 AD2d 535 [1997]). The child support award must be made retroactive to the date of the filing of the summons with notice, taking into account credit due for amounts paid by the husband pursuant to a pendente lite order dated April 2, 2004, issued in this action (*see* Domestic Relations Law § 236 [B] [7] [a]; *Higgins v Higgins*, 50 AD3d 852, 854 [2008]). The Supreme Court also must reduce the husband's income by the amount of maintenance paid for the purpose of calculating his child support obligation for the period he is required to pay maintenance, and to provide a method to adjust child support payments when maintenance ends, as well as upon the older child attaining 21 years of age or emancipation, whichever is earlier (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; § 240 [1-b] [c]; *Bogannam v Bogannam*, 60 AD3d at 987; *Bronstein v Bronstein*, 203 AD2d 703, 704 [1994]).

As of the date of commencement of this action, the wife had a tax-deferred retirement account valued at $42,961.21, of which $8,628.62, constitutes her separate property. The husband had a tax deferred retirement account valued at $10,426.65 as of the commencement of this action. The parties both contend that the Supreme Court erred in failing to equally distribute the parties' tax-deferred retirement accounts. Contrary to the wife's contention, however, she is not entitled to a reduction in the value of her retirement account in the amount of a loan taken by her against her account after this action was commenced, as she failed to demonstrate at trial that the loan funds were used to support the marital household rather than to pay for her personal expenses (*see Ferina v Ferina*, 286 AD2d 472, 474 [2001]). Accordingly, the husband is entitled to an equitable distribution credit of $11,953 from the parties' tax-deferred retirement accounts.

The Supreme Court has broad discretion in allocating marital debt (*see Corless v Corless*, 18 AD3d 493, 494 [2005]; *McKeever v McKeever*, 8 AD3d 702, 702 [2004]; *see also Savage v Savage*,

155 AD2d 336, 336 [1989]). In addition, "liability for the payment of marital debt[ ] need not be equally apportioned but may be distributed in accordance with the [equitable distribution] factors set forth in Domestic Relations Law § 236 (B) (5) (d)" (*Lewis v Lewis*, 6 AD3d 837, 839-840 [2004]). We agree with the husband's contention that the remaining balance of a loan from his father to the parties toward the purchase of an apartment building should be repaid out of the wife's share of the proceeds of the sale of the apartment building in the principal amount of $48,388.99, plus 5% monthly interest from April 1, 2008, to the date of payment. Pursuant to the pendente lite order dated April 2, 2004, the wife was to receive the rental income from the apartment building, and pay the loan from these proceeds. She failed to do so. In addition, the sums of $9,000 borrowed from the custodian account of the parties' daughter and $16,000 borrowed from the custodian account of the parties' son to fund the purchase of the marital residence, the remaining balance of a loan from DiFiore & Sons Custom Woodworking in the sum $20,552 for renovation work on the marital residence, and the remaining balance of a loan from the husband's father in the sum of $11,000 for additional sidewalk and stone work at the marital residence, were demonstrated at trial to constitute marital debt and, thus, should be repaid from the proceeds of the sale of the marital residence prior to the distribution of the proceeds to the parties, which the parties agreed to sell.

The Supreme Court providently exercised its discretion in denying the wife's request for an award of counsel fees (*see* Domestic Relations Law § 237 [a]; *Bernholc v Bornstein*, 72 AD3d 625, 629 [2010]).

The parties' remaining contentions are without merit. Covello, J.P., Leventhal, Lott and Miller, JJ., concur.