OPINION OF THE COURT
William J. Giacomo, J.
Plaintiff is the executrix of the estate of Nicholas Bruno. Defendant Richard N. Bruno is the son of Nicholas Bruno.
Plaintiff commenced this action seeking, inter alla, an injunction directing defendant 555 McLean Apts. Corp. and defendant Richard Bruno to transfer decedent Nicholas Bruno’s shares of cooperative apartment 4A, located at 555 McLean Avenue, Yonkers, New York to the estate. In his answer, defendant Richard N. Bruno asserted, inter alla, a counterclaim alleging that Nicholas had no ownership interest in the co-op at the time of his death.
There is no dispute that on January 15, 1991 for $49,000 the subject co-op was purchased and titled in the names of Richard N. Bruno and Nicholas Bruno. The purchase funds came from a $12,500 loan from Richard’s aunt, Catherine Ritacco, $12,500 from Nicholas Bruno and Janet Bruno, his wife, and the bal *669 anee of approximately $25,000 came from the personal funds of Richard N. Bruno. After the closing, Richard was the sole occupant of the co-op and he paid all the costs associated with living in it.
A nonjury trial was held by the court on April 4, 2013, during which the following evidence was submitted.
Trial Testimony
Catherine Ritacco testified that she is the sister of Nicholas Bruno and the aunt of Richard N. Bruno. In 1991, she loaned Richard $12,500 for the purchase of the subject co-op and Richard has repaid the loan.
Roger Bruno testified that he is one of the sons of Nicholas Bruno and that his father told him that the money loaned to Richard to purchase the co-op was repaid. He also testified that his father told him he did not need to remove his name from the co-op stoch certificate because he would not “screw Richard.”
Richard Bruno, defendant, testified that he repaid the loan of $12,500 he got from Nicholas Bruno from the proceeds of a certificate of deposit for $25,000 at NatWest Banh and that all the proceeds of that certificate of deposit went to Nicholas Bruno.
Janet Bruno, former wife of Nicholas Bruno, testified that in 1991 she and Nicholas loaned Richard $12,500 to purchase the subject co-op. She did not hnow that Nicholas’s name was on the stoch certificate. She testified she was aware that the $25,000 certificate of deposit was cashed out and the proceeds were given to Nicholas. She testified that these funds were used by her and Nicholas to purchase a home in Yorhtown, New Yorh.
Janet Bruno also testified that during their divorce proceeding in 2005, Nicholas Bruno completed a sworn statement of net worth detailing all his assets and the statement of net worth made no reference to the subject co-op. Moreover, Janet Bruno did not mahe a claim to an interest in the co-op as part of the divorce proceeding. She testified that the money given to Richard was a loan and that loan was repaid.
The Parties’ Arguments
Plaintiff argues that since the co-op is titled in the names of both Richard N. Bruno and Nicholas Bruno and, further, since Nicholas never removed his name from the stoch certificate or proprietary lease, the estate has a one-half interest in the co-op. Plaintiff also argues that there is no documentary proof that Richard N. Bruno repaid the $12,500 loan from Nicholas Bruno.
*670 Plaintiff also asserts that Richard Bruno’s answer provided no notice of his claim, that he is the sole owner of the co-op. Plaintiff claims that the counterclaim asserted is barred by the doctrine of loches since the co-op was owned by Richard and Nicholas since 1991 and Richard tooh no action to place title in his name alone, even after the loan was allegedly repaid.
Plaintiff notes that both Roger and Richard Bruno commenced an action in Supreme Court and Surrogate’s Court against her. She argues that there is significant animosity among plaintiff and Richard, Roger, and Janet Bruno as well as Catherine Ritacco which motivates them to testify falsely that Nicholas did not have an interest in the subject co-op.
In opposition, Richard N. Bruno argues that his counterclaim clearly sets forth a claim for sole ownership of the co-op. Richard Bruno also argues that plaintiffs claim of entitlement to a share of the co-op is barred by the doctrine of estoppel and waiver. Notably, he asserts that during his divorce proceeding, Nicholas did not list the co-op as an asset; therefore, the estate cannot now claim that it is one of his assets. Further, Richard claims that during his life Nicholas never made any claim to the co-op either in his conduct or words.
Discussion
The court finds in favor of Richard N. Bruno declaring that he is the sole owner of the co-op.
In support of his argument that he is the sole owner of the co-op Richard N. Bruno relies on Mahoney-Buntzman v Buntzman (12 NY3d 415 [2009]). In Mahoney-Buntzman, the trial court in this matrimonial action held that the husband was estopped from claiming that the proceeds of the sale of certain stock were separate property when during the marriage the parties reported the proceeds as business income on their joint 1998 tax return. Thus, the proceeds were found to be income earned during the marriage and subject to equitable distribution (see Mahoney-Buntzman v Buntzman, 13 Misc 3d 1216[A], 2006 NY Slip Op 51852[U] [Sup Ct, Westchester County, Oct. 3, 2006], affd, as mod 51 AD3d 732 [2008]).
In affirming the trial court’s factual determination regarding the equitable distribution of this marital asset in Mahoney-Buntzman v Buntzman (12 NY3d 415 [2009]), the Court of Appeals held that, as a matter of policy, it could not permit parties to assert positions in legal proceedings that are contrary to declarations made under the penalty of perjury on income tax returns.
*671 Similarly, in this case, as part of his divorce proceeding Nicholas Bruno filed a sworn statement of net worth. The statement of net worth listed all Nicholas Bruno’s assets. The co-op in question was not listed. Thus, in light of the Court of Appeals holding in Mahoney-Buntzman, this court cannot permit the estate of Nicholas Bruno to assert a right to an ownership interest in the co-op when in 2005, Nicholas Bruno swore under penalty of perjury that the assets listed on his statement of net worth was a true and accurate list of all assets in which he had an ownership interest. The subject co-op was not listed. Thus, it is clear from Nicholas’s sworn statement that whether or not his name was on the stoch certificate or proprietary lease for the subject co-op he did not assert an ownership interest in the co-op.
Further, the court notes that to support her claim plaintiff only submitted the co-op stoch certificate and proprietary lease as proof of an interest in the co-op. Conversely, Richard Bruno called several witnesses who testified that they believed Richard Bruno was the sole owner of the subject co-op.* Further, Richard Bruno submitted documentary proof that from the time of its purchase he paid all the expenses associated with the co-op and tooh the applicable tax deduction on his income taxes. The evidence also established that other than at the time of purchase, Nicholas had no financial involvement with the co-op.
To the extent plaintiff claims Richard Bruno’s counterclaim failed to set forth sufficient facts to support his claim of sole ownership of the co-op, the court finds the pleadings sufficient to provide plaintiff with notice of Richard Bruno’s claims (see CPLR 3026). Nevertheless, to the extent there is any defect, the court grants Richard Bruno’s trial motion to amend the pleading to conform with the proof (see CPLR 3025 [c]; Worthen-Caldwell v Special Touch Home Care Servs., Inc., 78 AD3d 822 [2d Dept 2010] [leave to conform a pleading to the proof should be freely granted absent prejudice or surprise resulting from the delay]).
With respect to plaintiffs argument that Richard Bruno’s claims are barred by the doctrine of loches, this argument is *672 without merit. “The doctrine of loches is an equitable doctrine which bars the enforcement of a right where there has been an unreasonable and inexcusable delay that results in prejudice to a party” (Skrodelis v Norbergs, 272 AD2d 316, 316 [2d Dept 2000]). Here, plaintiff has not established that it has suffered any prejudice by the failure of Richard Bruno to claim sole ownership of the co-op. As previously noted by the court, in his sworn statement of net worth Nicholas Bruno did not list any interest in this co-op. Therefore, since he did not consider the co-op an asset, neither he nor his estate has been prejudiced by Richard Bruno’s failure to transfer sole ownership of the co-op to himself.
Likewise, plaintiffs argument that Richard Bruno’s claim of sole ownership is barred by the six-year statute of limitations is without merit. Plaintiff claims that Richard’s counterclaim is barred because Richard N. Bruno knew in the mid-1990s that Nicholas Bruno’s name was on the stock certificate and proprietary lease, thus, his right to assert a claim of sole ownership expired in the early 2000s.
However, contrary to plaintiff’s contentions, there was no dispute regarding ownership of the co-op until plaintiff asserted a claim against it, thus, the cause of action for ownership interest in the co-op did not accrue until 2010. Accordingly, Richard N. Bruno’s claim of sole ownership of the co-op is timely (see CPLR 213).
In sum, the court grants Richard N. Bruno’s application to dismiss plaintiffs seventh cause of action which seeks a declaration of an ownership interest in the co-op and grants judgment in favor of Richard N. Bruno on his counterclaim seeking a declaration that he is the sole owner of the co-op.

 The court notes that it did not consider the testimony of Richard Bruno or Janet Bruno regarding any alleged communications they had with the decedent. Thus, in rendering this decision the court did not consider any evidence that violated CPLR 4519, known as the Dead Man’s Statute. The court did consider the testimony of Roger Bruno regarding his communications with Nicholas Bruno since Roger Bruno has no interest in the outcome of this case. (See generally Carlson v Lamberti, 74 AD2d 630 [2d Dept 1980].)