■ MELANIE HORN, Respondent, v MICHAEL HORN, Appellant. [43 NYS3d 395]—

Appeal by the defendant from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Geoffrey J. O'Connell, J.H.O.), dated August 11, 2014. The judgment, upon a decision of the same court dated February 5, 2014, made after a nonjury trial, inter alia, (a) denied the defendant's application for a separate properly credit, (b) directed the defendant to pay two thirds of parties' home equity line of credit debt, (c) imputed income to the defendant in the sum of $90,000 per year in calculating his child support obligation, (d) failed to award the defendant spousal maintenance, (e) directed the defendant to pay 50% of the college costs for the parties' daughter

after deduction of monies awarded to the daughter in the form of grants, aid, or student loans, (f) denied the defendant's application for equitable distribution of the plaintiff's Estee Lauder vested stock option plan, and (g) assessed the pendente lite arrears against the defendant in the sum of $107,891.36.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married in 1991 and they have two children. The defendant appeals from stated portions of their judgment of divorce relating to child support, spousal support, equitable distribution, and pendente lite arrears.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in precluding him from offering documentary evidence in support of his claim for a separate property credit as to the purchase of the marital residence, as he willfully and contumaciously failed to comply with the plaintiff's timely discovery requests (*see Sutaria v Sutaria*, 123 AD3d 909, 910 [2014]; *Aha Sales, Inc. v Creative Bath Prods., Inc.*, 110 AD3d 1019 [2013]; *Mei Yan Zhang v Santana*, 52 AD3d 484, 485 [2008]; *Dinstber v GEICO Ins. Co.*, 32 AD3d 893, 894 [2006]). Moreover, the defendant's self-serving testimony was insufficient to satisfy his burden of establishing that the source of the funds for the down payment on the marital residence came from his separate savings so as to establish his entitlement to a separate property credit (*see McLoughlin v McLoughlin*, 63 AD3d 1017 [2009]; *Romano v Romano*, 40 AD3d 837 [2007]; *Heine v Heine*, 176 AD2d 77 [1992]).

The Supreme Court providently exercised its discretion in directing the defendant to pay two thirds of the balance of a home equity line of credit (hereinafter the HELOC) or $198,667, and that the plaintiff was to be responsible for one third of the balance of the HELOC or $99,330. In general, "[e]xpenses incurred prior to the commencement of a divorce action constitute marital debt and should be equally shared by the parties" (*Bogdan v Bogdan*, 260 AD2d 521, 522 [1999]; *see Mosso v Mosso*, 84 AD3d 757, 760 [2011]; *Rodriguez v Rodriguez*, 70 AD3d 799 [2010]). However, a financial obligation incurred by one party in pursuit of his or her separate interests should remain that party's separate liability (*see Corless v Corless*, 18 AD3d 493 [2005]; *Kosovsky v Zahl*, 257 AD2d 522 [1999]; *Jonas v Jonas*, 241 AD2d 839, 840 [1997]; *Godfryd v Godfryd*, 201 AD2d 927 [1994]; *Helen A.S. v Werner R.S.*, 166 AD2d 515, 517 [1990]). Under the circumstances of this case, inasmuch as the evidence established that the HELOC debt

was incurred for the dual purpose of improving the marital residence and paying bills as well as funding the defendant's separate business interest in which the plaintiff had no share, the defendant failed to show that the HELOC debt as to the defendant's separate business interest should be shared equally.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in imputing income to him in the sum of $90,000 per year. A trial court is not bound by a party's own account of his or her finances, but may impute income based upon the party's past income and demonstrated future potential earnings (*see Sotnik v Zavilyansky*, 101 AD3d 1102, 1103 [2012], quoting *Haagen-Islami v Islami*, 96 AD3d 1004, 1005 [2012]; *Greisman v Greisman*, 98 AD3d 1079 [2012]). Here, the court properly imputed income to the defendant based upon his skills, education, employment history, and financial resources.

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court and each case must be determined on its unique facts (*see Carr-Harris v Carr-Harris*, 98 AD3d 548, 551 [2012]; *Mazzone v Mazzone*, 290 AD2d 495, 496 [2002]). The factors to consider in awarding maintenance include "the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret*, 222 AD2d 412, 412 [1995], citing Domestic Relations Law § 236 [B] [6] [a]; *see Heymann v Heymann*, 102 AD3d 832, 834 [2013]; *Meccariello v Meccariello*, 46 AD3d 640, 641-642 [2007]). In light of the defendant's earning capacity and the distribution of marital property, we decline to disturb the Supreme Court's determination declining to award the defendant maintenance (*see Heymann v Heymann*, 102 AD3d at 834; *Carr-Harris v Carr-Harris*, 98 AD3d at 551; *Haagen-Islami v Islami*, 96 AD3d 1004 [2012]; *Scher v Scher*, 91 AD3d 842, 848 [2012]).

Contrary to the defendant's contention, the Supreme Court did not err in directing him to pay 50% of the college costs for the parties' daughter after deduction of monies awarded to the daughter in the form of grants, aid, or student loans. The finding of the court that the defendant's account of his income and contention that he could not afford to contribute toward that child's college costs was incredible is supported by the record,

and the court's credibility determinations in this regard are entitled to considerable deference (*see Matter of Rabasco v Lamar*, 106 AD3d 1095 [2013]; *Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his application for equitable distribution of the plaintiff's Estee Lauder vested stock option plan because there was insufficient evidence of its existence or value (*see Alper v Alper*, 77 AD3d 694 [2010]; *Antoian v Antoian*, 215 AD2d 421, 422 [1995]; *Schwartz v Schwartz*, 160 AD2d 791 [1990]; *Gredel v Gredel*, 128 AD2d 834 [1987]; *see also DeJesus v DeJesus*, 90 NY2d 643 [1997]).

The defendant contends that the Supreme Court erred in awarding the plaintiff arrears in the sum of $107,891.36, which accrued under a pendente lite order dated December 15, 2009. Contrary to the defendant's contention, the court did not improvidently exercise its discretion in declining to credit him for certain payments that he allegedly made, as he provided no documentation in support of such payments (*see Strumlauf v Sandine Originals*, 80 AD2d 912 [1981]), or the payments constituted voluntary payments made by a parent for the benefit of the children, which may not be credited against amounts due pursuant to the judgment of divorce (*see McKay v Groesbeck*, 117 AD3d 810, 811 [2014]; *LiGreci v LiGreci*, 87 AD3d 722, 724 [2011]; *Matter of Finell v Finell*, 25 AD3d 703, 704 [2006]). Furthermore, the defendant does not dispute that he did not make the full payments as required under the December 15, 2009, order. To the extent that he contests the propriety of the pendente lite relief awarded in the December 15, 2009, order, review of that issue is barred by the doctrine of *Bray v Cox* (38 NY2d 350 [1976]). The defendant could have raised that issue in his prior appeal from the order dated December 15, 2009, which was dismissed by decision and order on motion of this Court dated December 1, 2010, for failure to perfect in accordance with the rules of this Court, and that dismissal constituted an adjudication on the merits with respect to all issues which could have been reviewed on that appeal. We decline to exercise our discretion in the instant appeal to determine the propriety of the pendente lite relief awarded in the December 15, 2009, order (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Blue Chip Mtge. Corp. v Strumpf*, 50 AD3d 936, 937 [2008]; *Matter of Talt v Murphy*, 35 AD3d 486 [2006]). Chambers, J.P., Dickerson, Miller and Brathwaite Nelson, JJ., concur.