Ragucci v Ragucci (2019 NY Slip Op 02407)





Ragucci v Ragucci


2019 NY Slip Op 02407


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

527390

[*1]MARY BETH RAGUCCI, Appellant,
v
RONALD R. RAGUCCI, Respondent.

Calendar Date: February 13, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Rumsey, JJ.


Eric J. Dickson, Schenectady, for appellant.
Charles R. Harding, Niskayuna, for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the Supreme Court (Burke, J.), entered January 9, 2018 in Schenectady County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.
Plaintiff (hereafter the wife) and defendant (hereinafter the husband) were married in October 1987 and are the parents of three children (born in 1989, 1990 and 1993). In January 2012, the wife commenced this action for divorce. The husband thereafter consented to the divorce, but raised issues regarding, as pertinent here, equitable distribution. In February 2017, following a nonjury trial on the issue of equitable distribution, among other things, Supreme Court granted the wife a judgment of divorce and concluded that the husband was solely responsible for a student loan — then roughly $224,000 — related to the college education of the middle child (hereafter the child). The husband appeals.
The husband's sole contention on appeal is that Supreme Court abused its discretion in failing to equitably distribute the student loan debt. "[I]t is well settled that trial courts are granted substantial discretion in determining what distribution of marital property — including debt — will be equitable under all the circumstances," taking into account the relevant statutory factors (Ball v Ball, 150 AD3d 1566, 1573 [2017] [internal quotation marks, brackets and citations omitted]; see Domestic Relations Law § 236 [B] [5]; Prokopov v Doskotch, 166 AD3d 1408, 1410 [2018]). In this regard, "outstanding financial obligations incurred during the marriage which are not solely the responsibility of the spouse who incurred them may be offset against the total marital assets to be divided" (McKeever v McKeever, 8 AD3d 702, 702 [2004] [internal quotation marks and citations omitted]; see Wallace v Wallace, 154 AD3d 1078, 1080 [2017]). Nonetheless, a financial obligation should remain a spouse's separate liability where it is incurred by that spouse alone and in pursuit of his or her own interests (see Corless v Corless, 18 AD3d 493, 494 [2005]; Jonas v Jonas, 241 AD2d 839, 840 [1997]). Here, the issue distills to whether the student loan debt for the child's education was properly treated as the husband's separate liability.
The child chose to attend a private college with an annual cost of roughly $36,000. The paternal grandfather had established college savings accounts for each of the parties' children, but these funds were insufficient to cover the total costs of the child's college education. The husband testified that he and the wife told the child that her chosen college was cost prohibitive and that, if she wanted to attend, she would be responsible to pay for her education. The student loan at issue was acquired thereafter. Significantly, only the husband's personal information and signature appear on the loan application. We further note that it is undisputed that the husband was in charge of the family's finances during the marriage. Ultimately, the principal balance on the student loan totaled more than $154,000.
The husband testified that, with the assistance of the grandfather, he made monthly payments on the loan starting in 2009, and later stopped making payments in April 2012 when the grandfather became ill [FN1]. The husband mistakenly believed that the child had thereafter taken responsibility for the loan repayments; apparently, the child had instead been making payments on other loans. The student loan went into default, resulting in imposition of more than $43,000 in additional fees and collection costs.
Supreme Court found that the wife had no knowledge of the student loan. The wife testified that she was not aware of the loan prior to this divorce action, and that she believed that the grandfather had contributed to the child's education costs, as with the parties' other children. The husband did not assert in his testimony that he and the wife ever discussed the loan, and further admitted that he had never asked the wife to contribute to the loan repayments. In 2012, he listed the loan in his interrogatories as his individual obligation. Moreover, the husband testified that it was his understanding that, as the co-signer on the loan, he was obligated to make payments on the loan in the event of a default. Under these circumstances, we cannot say that Supreme Court abused its discretion in allocating the student loan debt solely to the husband (see Basos v Basos, 243 AD2d 932, 933 [1997]; see also Jonas v Jonas, 241 AD2d at 840-841; Dietz v Dietz, 203 AD2d 879, 883 [1994]; compare Ball v Ball, 150 AD3d at 1573).
Egan Jr., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The record does not reveal the amount contributed by the grandfather toward the loan repayments.